IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Renita S. Walston Jackson
9542 Muirkirk Road, Apartment 301
Laurel, Maryland 20708

    Plaintiff,

 v.

CCA of Tennessee, Inc. (a Tennessee corporation)
c/o CT Corporation System
1015 15th Street NW, Suite 1000
Washington, D.C. 22005

    Defendant.

Civil Action No._____

REMOVED FROM THE CIVIL
DIVISION OF THE SUPERIOR
COURT OF THE DISTRICT OF
COLUMBIA
CIVIL ACTION NO. 05-0007489

## NOTICE OF REMOVAL

  Pursuant to 28 U.S.C. § 1441(a), Defendant CCA of Tennessee, Inc., gives notice of the removal of Civil Action No. 05-0007489, pending in the Civil Division of the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia on the following grounds:

1. Plaintiff filed a Complaint against Defendant in the Civil Division of the Superior Court of the District of Columbia, Civil Action No. 05-0007489, on September 15, 2005.

2. The sum total of the allegations made in Plaintiff's Complaint are as follows:

> After going through approximately two years of discrimination (difference in treatment) and harassment, I attempted to inform management verbally and in writing and due to actions by [several wardens] that were beyond my control I was wrote up repeatedly, harassed, and ultimately terminated wrongfully. Due to a . . . difference in treatment/harassment, I have subsequently developed "Panic Attack Syndrome," a medial disorder due to stress.

Plaintiff's Complaint (Exhibit A).

3.      Defendant received interrogatory requests on March 4, 2006.  For the first time, Plaintiff alleged that Defendant violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  Removal is, therefore, proper pursuant to 28 U.S.C. § 1441(a).

5.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of Defendant's knowledge that the case has become removable.  Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035-36 (10th Cir. 1998).

6.      True and accurate copies of all process, pleadings, and orders served upon Defendant are attached hereto as Exhibit A and filed herewith in accordance with 28 U.S.C. § 1446(a).

7.      As evidenced by the signature below, counsel for Defendant hereby certifies to the Court that a Notice of Filing Notice of Removal and a copy of this Notice of Removal have been filed contemporaneously herewith in the office of the Clerk of the Civil Division of the Superior Court of the District of Columbia, where this case has been pending, and have been served upon Plaintiff's attorney.  A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

8.      The filing fee of two hundred fifty dollars ($250.00) is attached hereto.

        WHEREFORE, Defendant CCA of Tennessee, Inc. prays that the above-styled civil action be removed from the Civil Division of the Superior Court of the District of Columbia and proceed in this Court.

Dated: this _3rd_ day of April, 2006          Respectfully submitted,

By: _____
                                              Alison N. Davis
                                              Bar No. 429700

                                              FORD & HARRISON LLP
                                              1300 19th Street NW, Suite 700
                                              Washington, DC  20036
                                              (202) 719-2000

                                              Attorney for CCA of Tennessee, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing NOTICE OF REMOVAL and LOCAL CIVIL RULE 7.1 DISCLOSURE to the following via U.S. Mail, postage prepaid, on April __3rd__, 2006:

L. Saundra White, Esquire
3540 Crain Highway #107
Bowie, Maryland 20716

Alison N. Davis

DC:59297.1

# EXHIBIT
# A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Renita S Walston Jackson
9542 Muirkirk Rd.              *Plaintiff*
Laurel MD 20708.  Apt # 301

05-0007489

CIVIL ACTION No. _____

Corrections Corporation of America
CCA/CTF  / Ross Dixon & Bell LLP
Serve :   Sally Gere Esq.  **Defendants**
2001 K St. NW Washington DC 20006

**COMPLAINT**

FILED
CIVIL ACTIONS BRANCH
SEP 1 5 2005
Superior Court
of the District of Columbia
Washington, D.C.

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

After going through apprx. 2years f discrimination (difference in treatment) and Harassment, I attempted to inform Management verbally & in writing and due to actions by Warden Fred Figueroa & sharrise SAlucy ect. That were beyond my control I was write up Repeadly, harassed and ultimately Terminated wrongfully. Due to a continous Difference in treatment / Harassment I have subsequently have developed "Panic Attack Syndrom". A medical disorder due to stress. CCA/CTF / Warden Fred Figueroa & Charles Martin, Breached the Uni Contract & agreement.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ ___ 2.500,000.00 with interest and costs.

(301) 300-6980.
Phone:

DISTRICT OF COLUMBIA, SS

Renita S Walston Jackson , being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

_____
(Plaintiff)

_____
(Agent)

Subscribed and sworn to before me this 10th day of September 20 05.

_____
(Notary Public/Deputy Clerk)

Case 2005 CA 007489 B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Renita S. Walston Jackson
9542 Muirkirk Rd, Apt. 301
Laurel, Maryland, 20708

        Plaintiff

    v.

CCA of Tennessee, Inc. (a Tennessee corporation)
10 Burton Hills Boulevard,
Nashville, Tennessee, 327215

        Defendant

CIVIL ACTION No. 05-0007489

Judge: Frederick H. Weisberg

Calendar #: 14

Next Event:   Initial Conference

## DEFENDANT CCA OF TENNESSEE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant CCA of Tennessee, Inc. (improperly called "Corrections Corporation of America" in the title of this case) by and through its counsel, hereby answers Plaintiff's Complaint as follows.

### FIRST DEFENSE

1.    Each and every allegation of the Complaint is denied.

### AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant acted in good faith and in a lawful manner.

3.    Defendant has not violated any federal or state laws with respect to Plaintiff's employment.

4.    Plaintiff's claims are barred because Plaintiff suffered no adverse tangible

-1-

employment actions.

5.   Defendant has neither acted nor failed to act in a manner entitling Plaintiff to an award of punitive damages.

6.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

8.   Any common law claims are preempted in whole or in part by the District of Columbia Workers Compensation Act.

9.   Upon information and belief, any allegedly harassing behavior was not sufficiently severe and/or pervasive to alter Plaintiff's terms and conditions of employment and/or to create a hostile and abusive work environment.

10.   Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and/or promptly correct any alleged harassing behavior and/or because Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities available to her or to otherwise avoid harm.

11.   Defendant reserves the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, Defendant CCA of Tennessee, Inc. prays that Plaintiff's Complaint be dismissed with prejudice, that judgment be rendered in its favor, that it be awarded its costs and attorneys' fees incurred in this matter, and that this Court award Defendant such other and further relief as it deems just and proper.

Dated: this 28 day of November, 2005  Respectfully submitted,

By: _____

Dannie B. Fogleman, DC Bar No. 414311
Allison N. Davis, DC Bar No. 429700
FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC  20036
(202) 719-2000

Attorneys for Defendant CCA of Tennessee, Inc.

-3-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing

Defendant Corrections Corporation of America's Answer to Plaintiffs' Amended Complaint to

be served upon the following via U.S. Mail, postage prepaid, on November 2%, 2005.

      Renita S. Walton Jackson
      9542 Muirkirk Rd, Apt. 301
      Laurel, Maryland  20708

                              Dannie B. Fogleman

DC:53107.1

DC:57591.1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| Renita S. Walston Jackson | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION No. <u>05-0007489</u> |
| v. | ) | Judge Judith Retchin |
| | ) | Calendar 14 |
| CCA of Tennessee, Inc. | ) | Next Event: Deadline for |
| | ) | Discovery Request: <u>March 14, 2006</u> |
| Defendant | ) | |

<u>PLAINTIFF RENITA S. WALSTON JACKSON'S RESPONSES TO
DEFENDANT CCA OF TENNESSEE, INC. FIRST SET OF INTERROGATORIES</u>

**NOW COMES,** Plaintiff Renita S. Walston Jackson by and through her counsel to present her
responses to Defendant CCA First Set of Interrogatories.

1. Identify (in accordance with the Definitions and Instructions section) all
individuals whom you believe have personal knowledge of and/or are aware of any facts
pertaining to the claims or events described in the Complaint and/or your answers to these
Interrogatories, whether relating to liability or damages, and describe in detail the knowledge
held by each such person.

**RESPONSE:**

a. Dana Bushrod witnessed Defendant's employees including Wardens, supervisor,
managers and co-workers harassing Plaintiff and making hostile comments to Plaintiff
that were intended to inflict mental anguish toward plaintiff.

b. Carlson Smith was aware of Plaintiff's illness (panic attack syndrome) and witness
Plaintiff having a panic attack.

c. Rochelle Vaughn has knowledge relating to the Defendant's discriminatory and
retaliatory actions against Plaintiff. Ms. Vaughn also has personal knowledge that
Plaintiff was denied union representation and Plaintiff was denied permission to leave the

1

facility after having a panic attack.

d.  Nakisha Hearst witnessed several of defendant's employees harass Plaintiff and created a hostile work environment for Plaintiff. Ms. Hearst also witness Sadie Mckoy treat Plaintiff different because of her disability (panic attack syndrome). Ms. Hearst has personal knowledge that Ms. Mckoy withheld a reservation call from the Plaintiff in order to sabotage Plaintiff's work schedule.

e.  Reginald Jackson witnessed and overheard Warden Figuora making inappropriate comment regarding Plaintiff. Mr. Jackson also witnessed Plaintiff having a panic attack and has knowledge that Defendant treated Plaintiff differently because of her disability and other illness.

f.  Carolyn Walston- witnessed Defendant's employees harass Plaintiff and observed Defendant's employees creating a hostile work environment for plaintiff. Carolyn Walston also has knowledge that Defendant treated Plaintiff differently because of her disability and other illness.

2.    State the name and address of each and every person whom you expect to call to testify as an expert witness at trial and, as to each, state their qualifications to testify as an expert witness; the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion.

RESPONSE:  Dr. Florentino Loya will serve as Plaintiff's expert witness and will discuss Plaintiff's disability (panic attack syndrome).  Address:  6400 Marlboro Pike Forestville, MD  20747.

3.    Set forth in detail all facts that you believe support and/or relate to your contention in the Complaint, that you suffered "2 years of discrimination (difference in

2

treatment) and Harassment," including the date and location of the alleged discrimination or harassment and the identities of all persons witnessing, engaging in, or otherwise having personal knowledge of the alleged discrimination or harassment.

RESPONSE: Plaintiff was treated differently by Jacky Smith. Jacky Smith treated Plaintiff differently after Plaintiff made her aware of her pregnancy and her disability (panic attack syndrome) and Plaintiff's injuries as a result of an automobile accident. Ms. Smith hid documents from Plaintiff, yelled and cursed at Plaintiff, moved Plaintiff from the office and placed a lockout key in the office door. Ms. Smith interfered with Plaintiff's job duties by keeping important files and contractor's summers from Plaintiff in an attempt to prevent Plaintiff from doing her job. Ms. Smith also made threats to Plaintiff and indicated to Plaintiff that she would get rid of Plaintiff because Plaintiff was not sick and she did not have a disability.

Warden Douglas failed to accommodate Plaintiff's illnesses by refusing to let Plaintiff leave or take leave because of her illness and disability. Warden Douglas also made false allegations against Plaintiff and made false PSN statements. Warden Douglas also directed Manager L. Matthews to make a false statement in a PSN Report and Douglass made insults to Plaintiff on several occasions.

4.    Describe in detail each and every occasion on which you complained to and/or spoke with management about the alleged harassment or discrimination, including in your response the identity of the person(s) to whom you complained, the date on which any such conversation occurred, the location of any such conversation, the substance of the statements made by you and management, and the identities of any other persons participating in or witnessing any such conversation.

RESPONSE: From January 2003 thru September 2004 Plaintiff presented several incident reports and memorandums to Defendant regarding Supervisor Jacky Smith and Jacky Smith's retaliatory actions toward her after the reports. Plaintiff also wrote incident reports regarding Warden

3

Douglass ethical violation and Warden Douglass retaliatory actions against Plaintiff after her reports. **(Exhibit A)**

Plaintiff also requested sick leave under FMLA for her illness as a result of her pregnancy and miscarriage and for her medical problems that she sustained during an automobile accident. Plaintiff also requested leave under ADA for permission to seek medical care for her disability (panic attack syndrome) and to leave Defendant's facility when she had a panic attack. **(Exhibit B)**

Defendant failed to accommodate Plaintiff under FMLA or ADA but wrote her up and denied her medical leave for the days that she missed for her pregnancy, miscarriage, injuries resulting from an automobile accident and for her disability (panic attack syndrome) even though Plaintiff provided medical certifications for her illness and disability (panic attack syndrome). **(Exhibit C)**

Plaintiff also submit complaints and incident reports to Defendant regarding the harassment and hostile work environment that was created by Defendant and its' employees. **(Exhibit D)**

Plaintiff also complained to Defendant regarding the disparate and discriminatory treatment she received because of her illness and disability. **(Exhibit E)**

Plaintiff further complained to Defendant regarding Defendant's violation of it's' collective bargaining agreement since it failed to follow the provisions of the CBA and terminated Plaintiff's employment. **(Exhibit F)**

5.    Set forth in detail all facts that you believe support and/or relate to your contention in the Complaint that you were wrongfully terminated including the identities of all persons witnessing, engaging in, or otherwise having personal knowledge of the alleged wrongful termination.

RESPONSE: Plaintiff was wrongfully terminated because Plaintiff did not fail to follow a directive from a Warden, Supervisor or Manager. Plaintiff also was wrongfully terminated because Plaintiff's conduct on July 19, 2004 did not constitute misconduct or wrongful misconduct. See Response to

4

Question No. 4.  The following persons have personal knowledge of Plaintiff's wrongful termination:

a.   Nakisha Hearst

b.   Acra Johnson

c.   Officer  Alphonso Ashmead

d.   DeBorah Carson-Smith

e.   Walton Fulton

f.   Dana Bushrod

g.   Makea Barton

h.   Fred Figueroa

i.   Rochelle Vaughn

j.   Reginald Jackson

k.   Carolyn Walston

l.   Marquita Williams


6.      Set forth in detail the basis for your contention in the Complaint that "CCNCTF, Warden Fred Figueroa & Charles Martin breached the Union contract & agreement."


RESPONSE: Warden Fred Figueroa and CCA's Director failed to follow the mandated grievance procedure in accordance with the Collective Bargaining Agreement prior to terminating the Plaintiff.

5

**(See Exhibit F)**

7.    If you have consulted and/or treated with any medical doctor, physician,

psychiatrist, therapist, or other healthcare professional as a result of the allegations set forth in your

Complaint, identify each such health care provider and state: (a) the date(s) on which you consulted the health

care professional; (b) the reason for seeking such treatment; and (c) the date on which you ceased to be under

the care of such health care professional.

RESPONSE:

**Health Providers**
Prince Georges Hospital Center
Riverside Primary Care of District Heights
Metropolitan Washington Orthopedic Ass.
Dr. Jong S. Lee
Dr. Jalal A. Saied
Dr. Florentino N. Loya

**See Exhibit B** for dates of treatment, reason for treatment and the date that the treatment ended

8.    Describe with particularity all damages which you contend you suffered as a

result of the acts alleged in the Complaint, including in your response the dollar amount claimed for each

alleged injury, a description of the method or formula used to calculate the damages claimed in your

Complaint, and the total amount of attorneys' fees and costs incurred as a result of this matter.

**RESPONSE:**

| | |
|---|---|
| Lost Wages | $   50,000.00 |
| Injury to reputation and character | $   80,000.00 |
| Financial Lost | $ 200,000.00 |
| Physical & Mental Pain & Suffering | $ 3,500,000.00 |
| Estimated Attorney's Fees and cost : | $   35,000.00 |
| Total estimated Damages | $ 3,855,000.00 |

6

9.    Describe with particularity all efforts made and/or steps taken by you to mitigate any damages, whether physical, emotional, or monetary, which you contend you suffered as a result of the acts alleged in the Complaint.

RESPONSE:

Plaintiff has applied for various Jobs in attempts to gain meaningful employment. Plaintiff has also borrowed money from family members to support her minor child, provide housing, medical treatment and medical supplies, food and clothing and other basic necessities to survive. Plaintiff also sought unemployment benefits and attempted to negotiate with Defendant to get her job back.

10.    Identify (in accordance with the Definitions and Instructions section) all individuals who have given you signed or recorded statements regarding the claims or events described in the Complaint and/or in your answers to these Interrogatories.

RESPONSE:  The following persons have provided statements to me regarding the claims and events described in the Complaint.

1.  Captain Tate

2.  Nakisha Hearst

3.  Rochelle Vaughn

4.  Carolyn Walston

5.  Dana S. Bushrod

6.  Christopher Golson

7.  Marea R. Barton

8.  Sadie McCoy

9.   Alphonso  Ashmeade

7

11.    If you have been a complaining party in any other claim for discrimination, breach of contract, wrongful termination, and/or unpaid wages, identify the person or entity against whom the claim was made; the date of filing of the claim or suit; the court or agency with which the claim or suit was filed; the docket number, case number, or file number of the claim or suit; the date, place, and nature of the occurrence giving rise to the claim or suit; and the final disposition of the claim or suit.

RESPONSE: Plaintiff has not been involved in any other claim for discrimination, breach of contract, wrongful termination and/or unpaid wages.

12. If you have ever been convicted of, charged with, and/or arrested for any crime constituting a felony or involving dishonesty, fraud, or deceit, state the jurisdiction in which the conviction, charge, or arrest occurred and any sentence or punishment imposed as a result of such conviction, charge, or arrest, including, but not limited to, incarceration, community service, fines, or court-ordered counseling or treatment.

**RESPONSE:  NO.**

13.    Identify (in accordance with the Definitions and Instructions section) in detail all documents, statements, and/or conversations that you contend constitute an admission against interest by CCA concerning the allegations set forth in the Complaint.

RESPONSE:  Defendant communicated Plaintiff 's confidential disability (panic attack syndrome) to other employees and this communication caused other employees to make derogatory and harassing statements to Plaintiff regarding her disability. See  **Also Exhibit G**

8

14. Identify (in accordance with the Definitions and Instructions section) all

documents in your custody or control, or of which you have knowledge, which relate to and/or support your

answer to these Interrogatories and/or on which you relied in preparing your answer to these Interrogatories. In

lieu of identification, you may produce documents for inspection and copying.

RESPONSE: **See Exhibit H.**


15.     Identify (in accordance with the Definitions and Instructions section) all

documents in your custody or control, or of which you have knowledge, which you contend support,

contradict or relate to any of the allegations set forth in your Complaint. In lieu of identification, you may

produce documents for inspection and copying.

RESPONSE: **See Exhibits A-H**

I, <u>Renita S. Walston Jackson</u> affirm that the information given in my responses to Defendant's

Interrogatories are true, accurate and complete to the best of my knowledge and belief.

_____
Renita S. Walston Jackson

3/4/06
Date

Respectfully submitted

_____
L. Saundra White
D.C. Bar No: 4463929
3540 Crain Highway, #107
Bowie, MD  20716
(301) 538-2158
Attorney For Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of March 2006, a copy of Plaintiff's Responses to

Defendant's Interrogatories were mailed first class to Defendant's Counsel, Dannie B. Fogleman, Ford

& Harrison, LLP, 1300 19rh Street, NW, Suite 700, Washington, D.C.  20036.

_____
L. Saundra White

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Renita S. Walston Jackson
9542 Muirkirk Rd, Apt. 301
Laurel, Maryland, 20708

CIVIL ACTION No. 05-0007489

          Plaintiff

Judge: Judith Retchin

       v.

Calendar #: 14

CCA of Tennessee, Inc. (a Tennessee corporation)
10 Burton Hills Boulevard,
Nashville, Tennessee, 327215

Next Event: Deadline for Discovery
Requests 03/14/06

      Defendant

<u>PLAINTIFF RENITA WALSTON JACKSON RESPONSES TO
DEFENDANT CCA REQUESTS FOR PRODOCUTION
OF DOCUMENTS TO PLAINTIFF</u>

**NOW COMES**, Plaintiff Renita Waltson Jackson by and through her counsel

present her responses to Defendant CCA's Request for Production of Documents.

1.    All signed or recorded statements given to you by any individuals, as identified in

your response to Interrogatory No. 10.

    RESPONSE: See Exhibit H

2.    All written reports from any person you intend to call as an expert witness at trial,

as identified in your response to Interrogatory No.2.

    RESPONSE: See Treatment Statements in Exhibit H. Plaintiff will supplement this

Interrogatory upon receipt of any additional written reports from any expert witness.

3.    All documents supplied to or reviewed, analyzed, consulted, or relied upon by any

expert witness you intend to call to testify on your behalf at trial.

    RESPONSE: Plaintiff objects to this question because it calls for a privilege and attorney-

work product. However, without waive her objection, Plaintiff states that she currently

does not have any documents that her expert witness has analyzed, consulted, reviewed or

relied upon.

4.    All documents supporting or relating to the facts and opinions expressed in the

written report of any expert witness you intend to call to testify on your behalf at trial.

RESPONSE: See Response to No. 3.

5.    All documents containing, reflecting, recording, or referring to the qualifications

of any expert witness you intend to call to testify on your behalf in this case, including, but not

limited to, curricula vitae, resumes, lists of publications authored by the expert, and lists of cases in

which the expert witness has previously testified or been deposed.

RESPONSE: Plaintiff currently does not possess any of the above requested documents.

However, upon receipt of such documents, Plaintiff will provide this information to

Defendant.

7.    All written statements or documents made by CCA, or any of its present or former

employees, agents, or representatives, which you consider to be an admission of liability or

wrongdoing by CCA concerning the incidents forming the basis of the Complaint.

RESPONSE: See Exhibit No. G.

8.    All documents recording, reflecting, or relating to any conviction and/or arrest of

you for any crime constituting a felony or involving dishonesty, fraud, or deceit, as identified by

you in response to Interrogatory No. 12.

RESPONSE:  Plaintiff does not possess any of the documents requested in this request since

she answered "No" to Interrogatory No. 12.

9.    All documents constituting, recording, reflecting, and/or relating to conversations

you had with CCA, or any of its current or former employees, agents, or representatives,

concerning your allegations of discrimination or harassment.

RESPONSE: See Exhibits A-C.

10.     All documents relating to any damages allegedly suffered by you as a result of the acts alleged in the Complaint.

RESPONSE:  See Answer to Interrogatory No. 8.

11.     All documents relating to any medical treatment and/or counseling received by you as a result of the actions and/or inactions alleged in the Complaint.

RESPONSE: See Exhibit No. B.

12.     All documents relating to efforts made or steps taken by you to mitigate any damages, whether physical, emotional, or monetary, allegedly suffered as a result of the actions and/or inactions alleged in the Complaint.

RESPONSE: See Exhibits A- C

13.     All documents relating to any lawsuits and/or court or administrative actions identified by you in response to Interrogatory No. 11.

RESPONSE: Not Applicable and see Response to Request No. 8.

14.     All documents that you identified, relied upon, and/or referred to in answering CCA's First Set of Interrogatories to you.

RESPONSE: See Exhibits A-H.

15.     All documents, not specifically requested herein, which relate to, evidence, and/or pertain to any of the allegations made by you in the Complaint.

RESPONSE: Exhibits A-H

16.     All documents, not specifically requested herein, which relate to, evidence, and/or pertain to any of the injuries and/or damages alleged by you in the Complaint.

RESPONSE: See Response to Interrogatory No. 8 and Exhibit A-H.

3

I, <u>Renita S. Walston Jackson</u> affirm that the information given in my responses to Defendant's

Request for Production of Documents are true, accurate and complete to the best of my knowledge

and belief.

_____                                    3/04/06
Renita S. Walston Jackson                                     Date


                                                             Respectfully submitted

                                                             _____
                                                             L. Saundra White
                                                             D.C. Bar No: 4463929
                                                             3540 Crain Highway, #107
                                                             Bowie, MD  20716
                                                             (301) 538-2158
                                                             Attorney For Plaintiff


                          **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on this ___4th___ day of March 2006, a copy of Plaintiff's

Responses to Defendant's Request for Production of Documents were mailed first class to

Defendant's Counsel, Dannie B. Fogleman, Ford & Harrison, LLP, 1300 19th Street, NW, Suite

700, Washington, D.C.  20036.

                                                             _____
                                                             L. Saundra White


4

# EXHIBIT B

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Renita S. Walston Jackson
9542 Muirkirk Road, Apartment 301
Laurel, Maryland 20708

       Plaintiff,

    v.

CCA of Tennessee, Inc. (a Tennessee corporation)
c/o CT Corporation System
1015 15th Street NW, Suite 1000
Washington, DC 22005

       Defendant.

Civil Action No.: 05-0007489

**NOTICE OF FILING NOTICE OF REMOVAL**

TO:    L. Saundra White, Esquire
      3540 Crain Highway #107
      Bowie, Maryland 20716

Please take notice that Defendant CCA of Tennessee, Inc., is filing a Notice of Removal with the Office of the Clerk in the United States District Court for the District of Columbia and, pursuant to 28 U.S.C. § 1446(d), a true and accurate copy of the Notice of Removal is attached hereto as Exhibit A for filing with the Office of the Clerk of the Civil Division for the Superior Court of the District of Columbia.

Dated: this _3rd_ day of April, 2006          Respectfully submitted,

By: _____

Alison N. Davis
D.C. Bar No. 429700

FORD & HARRISON LLP
1300 19th Street, NW, Suite 700
Washington, DC 20036
(202) 719-2000

Attorney for CCA of Tennessee, Inc.

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing

NOTICE OF FILING NOTICE OF REMOVAL to the following via U.S. Mail, postage prepaid,

on April ___3rd___, 2006:


    L. Saundra White, Esquire
    3540 Crain Highway #107
    Bowie, Maryland 20716

                             Alison N. Davis

DC:59299.1