IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Renita S. Walston Jackson<br>9542 Muirkirk Road, Apt. 301<br>Laurel, Maryland 20708<br><br>    Plaintiff<br><br>  v.<br><br>CCA of Tennessee, Inc.<br>(A Tennessee Corporation)<br>c/o CT Corporation System<br>1015 15th Street, NW, Suite 1000<br>Washington, D.C.  22005<br><br>    Defendant | Civil Action No: 1:06-cv-616 |

### PLAINTIFF'S MOTION TO REMAND CASE BACK TO THE THE DISTRICT OF COLUMBIA SUPERIOR COURT

**COMES NOW**, the Plaintiff Renita Walston Jackson by and through her counsel to request this Court to remand this case to the District of Columbia Superior Court from which Defendant CCA, Inc. has removed the case.  In support of this motion, Plaintiff offers:

   1.  Defendant filed its Notice of Removal on April 4, 2006.

   2.  Defendant argued in its Notice of Removal that Plaintiff's case should be removed to the Federal Court because this Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States.

   3.  Defendant further argue that Plaintiff indicated for the first that Defendant alleged that Defendant violated the Family and Medical Leave Act (FMLA) and the Americans with

Disabilities Act (ADA).

4. Defendant erroneously argue that Plaintiff indicated through her discovery responses that Defendants violated the Federal provisions of FMLA and ADA.

5. Plaintiff never indicated that her claims against the Defendant were based on the Federal Statues for FMLA or ADA.

6. All of Plaintiff's claims arose in the District of Columbia and she worked as an employee of Defendant in its location in Washington, D.C.

7. Defendant had no basis to believe that Plaintiff was asserting claims under the Federal provisions of FMLA or ADA because Plaintiff filed her action in the District of Columbia Superior Court and Plaintiff never indicated to Defendant that she received a "Notice of a Right to Sue" letter from the Equal Employment Opportunity Commission.

8. Defendant knew or should have known that Plaintiff's FMLA and ADA claims were under the District of Columbia Human Rights act and not under the Federal provisions of FMLA and ADA.

6. This action should be remanded back to the District of Columbia Superior Court since the Federal Court does not have original or subject matter jurisdiction to hear claims based on state laws or specifically, the District of Columbia Human Rights Act (DCHRA), D.C. Code §2-1402 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, for the above reasons, the Plaintiff requests this Court to

1. Grant Plaintiff's Motion to Remand this action back to the District of Columbia Superior Court pursuant to 28 U.S.C. 1447, and

2. Find that Plaintiff's claims are pursuant to the District of Columbia Human Rights Act

and order Defendant in accordance with 28 U.S. C. 1447( c) to pay the just costs and actual expenses, including Plaintiff's Attorney's fees that were incurred as a result of the removal.

        Respectfully submitted,

        *L. Saundra White*
        L. Saundra White
        Bar No: MD012370
        3540 Crain Highway #107
        Bowie, MD 20716
        (301) 574-3547
        Fax No: (301) 574-3059
        Email: WhiteLegalGrp@aol.com
        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Renita S. Walston Jackson <br> 9542 Muirkirk Road, Apt. 301 <br> Laurel, Maryland 20708 <br><br> Plaintiff <br><br> v. <br><br> CCA of Tennessee, Inc. <br> (A Tennessee Corporation) <br> c/o CT Corporation System <br> 1015 15th Street, NW, Suite 1000 <br> Washington, D.C.  22005 <br><br> Defendant | Civil Action No: 1:06-cv-616 |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION TO REMAND**

**I. BACKGROUND**

Defendant CCA  Notice of Removal is based on their erroneous assertion that Plaintiff stated in her interrogatories that Defendant violated the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C.§ 2601 et seq., and the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §12101 et seq. .  Plaintiff in her response to Defendant's No. 4 interrogatory stated that Defendant failed to accommodate Plaintiff under FMLA or ADA.  Plaintiff did not mention the federal citation for FMLA or ADA and nor did she indicate that she was filing her FMLA and ADA claims under the federal statute.

Defendant was well aware that Plaintiff had alleged that it had violated state statutes and regulations since it stated in its' answer that it had not violated any federal or state laws with respect to Plaintiff's employment. Defendant received Plaintiff's response to its interrogatories on March 4, 2006 but it failed to request clarification as to whether Plaintiff was asserting its FMLA and ADA claims either under the District of Columbia Human Rights Act(DCHRA) or the Federal Statutes. Instead, Defendant misrepresented to this Court that Plaintiff had cited the federal statutes for FMLA and ADA.

## II. LEGAL ARGUMENT

***A. Plaintiff's FMLA and ADA claims are covered and were timely filed under the District of Columbia Human Rights Act.***

The District of Columbia Human Rights Act[1] (hereinafter referred to as DCHRA) provides that it shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based upon the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, family responsibilities, genetic information, disability, matriculation, or political affiliation of any individual. These provisions apply to employers, employment agency, labor organization and other entities and organizations[2] that conduct business in the District of Columbia[3].

The DCRA also provides that women affected by pregnancy, childbirth, or related medical

---

[1] DC Code §2-1402 et seq.

[2] DC Code §2-1402.11(a)(1)-(a)(4).

[3] The DCHRA has jurisdiction over any corporation, partnership or other entity that maintains a presence within the District of Columbia, including that of a registered agent; (b) substantially engaged in doing business within the District of Columbia; or © operates an enterprise which is subject to licensing by the District of Columbia Government.

conditions shall be treated the same for al employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and this requirement shall include, but not limited to, a requirement that an employer must treat an employee temporarily unable to perform the functions of her job because of her pregnancy-related condition in the same manner as it treats other temporarily disabled employees.[4] The District of Columbia Family and Medical Leave Act of 1990 [5]applies to employers in the District of Columbia employing fifty (50) or more persons in the District of Columbia on or after April 1, 1991.[6]

The DCHRA provides that any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate. A private cause of action pursuant to the DCHRA shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or the discovery thereof.

In this matter, Plaintiff Renita W. Jackson was employed with Defendant CCA in Washington, D.C. Plaintiff alleges that Defendant and its agents discriminated against her because of her illness and disabilities and violated ADA, FMLA and other provisions under the DCHRA. Plaintiff also allege that Defendant discriminated against her when it terminated her employment on September 15, 2004. Plaintiff filed her complaint on September 12, 2005 in the District of Columbia Superior Court.

All of Plaintiff's claims are pursuant to the DCHRA and Plaintiff's claims were timely filed

---

[4]D. C. Code §2-1401.05.

[5]D.C. Official Code §32-501(2001) et seg.

[6] 38 DCR 4350.

in accordance with the DCHRA. The District of Columbia Superior Court is the proper court to hear Plaintiff's DCHRA claims because it is court of competent jurisdiction.[7]

**B.  The U. S. District Courts do not have original or subject matter jurisdiction over Plaintiff's FMLA or ADA claims under the District of Columbia Human Rights Act and therefore this matter should be remanded back to the District of Columbia Superior Court.**

This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. The Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq., and the Americans with Disabilities Act of 1990, 42 U. S. C. § 12101 et seq are civil actions arising under the Constitution of the United States.  However, Plaintiff asserts that her claims under the Federal Medical Leave Act (FMLA) and Americans with Disabilities Act arise under the District of Columbia Human Rights Act (DCHRA), D.C. Code §2-1402 et seg. This Court does not have original jurisdiction over civil actions that arise under State law.  Therefore, this matter should be remanded back to the District of Columbia Superior Court because the claims pertain to the District of Columbia Human Rights Act.

**C.  Defendant knew or should have known that Plaintiff did not file an action under the Federal provisions for FMLA or ADA claims  and thus, Defendant is liable  for the cost and actual expenses, including attorney fees incurred as a result of the removal.**

Title I requires employers with 15 or more employees to provide qualified individuals with disabilities an equal opportunity to benefit from the full range of employment-related opportunities available to others. Title I complaints must be filed with the U. S. Equal

---

[7]See, *Zuurbier v. Medstar Health, Inc*, 306 F.Supp 2d 1 ( DDC 2004) where the Court held that "state claims should, in the interests of comity, be heard by the State Superior Court , which has greater familiarity with the unique questions of state law currently in dispute"This case was remanded back to the D.C. Superior court because principles of "economy, convenience, fairness, and comity lead this Court to remand the case.

Employment Opportunity Commission (EEOC) within 180 days of the date of discrimination, or 300 days if the charge is filed with a designated State or local fair employment practice agency. Individuals may file a lawsuit in Federal court only after they receive a "right-to-sue" letter from the EEOC.

Under the Federal FMLA provisions, an individual who believes that their employer has violated family or medical leave laws, they can file a complaint with the federal Department of Labor (DOL), Wage and Hour Division within two years of the violation or file a lawsuit in federal court.

The record in this matter clearly reveals that Plaintiff did not file an ADA complaint with the EEOC. Also, the record does not contain a right-to-sue letter from the EEOC. Plaintiff did not file a FMLA discrimination complaint with the federal Department of Labor or a federal FMLA complaint in this court.

Defendant knew or should have known that Plaintiff has not meet the filing requirements for pursuing her ADA and FMLA claims in a federal Court. Defendant also knew or should have known that this Court can dismiss Plaintiff's ADA and FMLA claims because Plaintiff has not meet the filing requirements. Defendant also knew or should have known that the District of Columbia Superior Court has original and subject matter jurisdiction to hear Plaintiff's ADA and FLMA claims under the District of Columbia Human Rights Act.

Section 1447© of the US Code provides that an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Plaintiff has incurred attorneys' fees of nine hundred dollars ($900.00) because of Defendant's erroneous removal of this action to this Court. This Court should award the Plaintiff her cost, including the attorney's fees because Defendant knew or should have known that this

Court does not have jurisdiction to hear claims under the DCHRA and Defendant clearly knew that Plaintiff never asserted that her ADA or FMLA claims were based on the Federal statute or U.S. Constitution.

### III. CONCLUSION

This case should be remanded and the Court should award the Plaintiff her costs.

April 21, 2006                                                                  Respectfully submitted ,
Date

                                                                                             *L.Saundra White*
                                                                                             L. Saundra White
Bar No: MD012370
3540 Crain Highway #107
Bowie, MD 20716
(301) 574-3547
Email: WhiteLegalGrp@aol.com
Attorney for Plaintiff