IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Renita S. Walston Jackson,

       Plaintiff,

   v.

CCA of Tennessee, Inc.,

       Defendant.

CIVIL ACTION NO.: 1:06-cv-616
(RCL)

**DEFENDANT CCA OF TENNESSEE, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

    Defendant CCA of Tennessee, Inc. (CCA) hereby responds to Plaintiff Renita S. Walston

Jackson's ("Plaintiff's") Motion to Remand. For the reasons set forth more fully below,

Plaintiff's Motion should be denied because despite Plaintiff's best efforts she continues to assert

claims that are cognizable under laws of the United States, *i.e.*, the federal Americans with

Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Family and Medical Leave

Act F 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

I.    **INTRODUCTION**

    Plaintiff's Motion does not have any discernible merit. Rather, it appears clear that

Plaintiff made strategic mistakes in drafting her Complaint and her discovery responses. She

now is attempting to blame Defendant's diligence and refusal to read an ambiguity into her

discovery responses in a desperate effort to right her misstep. Essentially, Plaintiff now finds

herself in federal court because of her failure to respond artfully to Defendant's interrogatories so

as to assert claims solely under the laws of the District of Columbia. It is not due to any sort of

inappropriate conduct or mistake on the part of Defendant, or lack of clarity in her discovery

responses. To the contrary, it is due to Plaintiff's failure to recognize the distinction between a claim under the federal Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act "ADA"), and the District of Columbia Human Rights Act ("DCHRA"). Accordingly, Plaintiff's Motion should be denied.

## II.    **PROCEDURAL HISTORY**

On September 12, 2005, Plaintiff filed a *pro se* Complaint against Defendant in the Civil Division of the Superior Court of the District of Columbia. The sum total of the allegations made in Plaintiff's Complaint were as follows:

> After going through approximately two years of discrimination (difference in treatment) and harassment, I attempted to inform management verbally and in writing and due to actions by [several wardens] that were beyond my control I was wrote up repeatedly, harassed, and ultimately terminated wrongfully. Due to a . . . difference in treatment/harassment, I have subsequently developed "Panic Attack Syndrome," a medial disorder due to stress.

Plaintiff's Complaint. It was unclear from the Complaint whether her claim arose under federal or state law.

On March 4, 2006, after Plaintiff retained counsel, CCA received Plaintiff's responses to CCA's First Set of Interrogatories. Plaintiff responded to Defendant's Interrogatory No. 5, in part, as follows:

> \*\*\*

> Plaintiff also requested sick leave under <u>FMLA</u> for her illness as a result of her pregnancy and miscarriage and for her medical problems that she sustained during an automobile accident. Plaintiff also requested leave under <u>ADA</u> for permission to seek medical care for her disability (panic attack syndrome) and to leave Defendant's facility when she had panic attack.

> \*\*\*

> Defendant failed to accommodate Plaintiff under <u>FMLA</u> or <u>ADA</u> but wrote her up and denied her medical leave on the days that she missed for her pregnancy, miscarriage, injuries resulting from an automobile accident and for her disability (panic attack

syndrome) even though Plaintiff provided medical certification for her illness and disability (panic attack syndrome).

*See* Exhibit A to Defendant's Notice of Removal (emphasis added).

While Plaintiff's responses did not include any statutory citation, they unequivocally referenced the "FMLA" and the "ADA". In light of the accepted usage of the abbreviations "FMLA" and "ADA" in the employment context, Defendant understood Plaintiff to be referencing the federal Family and Medical Leave Act and the Americans with Disabilities Act, respectively. Based upon that understanding, Defendant filed its notice of removal on April 3, 2006. On April 21, 2006, Plaintiff filed this motion to remand (Motion) her case back to the District of Columbia Superior Court.

## III.   ARGUMENT

### A.   The Americans With Disabilities Act and Family And Medical Leave Act Are Not Provisions of the District of Columbia Human Rights Act, But Rather are Separate Laws of the United States.

Rather than acknowledge that she clearly asserted claims that arise under laws of the United States in her interrogatory responses, Plaintiff mixes apples and oranges. She wrongfully asserts that the FMLA and ADA are provisions of the DCHRA. Plaintiff simply makes conclusory assertions that her claims under the ADA and FMLA arise out of the provisions of the DCHRA. She provides no statutory or case law support for her incredible position that the FMLA, ADA and DCHRA are basically the same law in the District of Columbia. She further states that because the full federal citation was not listed with her references to the ADA and the FMLA in her interrogatory responses, she obviously was referring to the analogous provisions under the DCHRA.

This logic simply does not hold water. First, when mentioning the FMLA and the ADA in her discovery responses, Plaintiff never mentioned the DCHRA. Plaintiff provides no support

for her assertion that where there is no statutory cite it is presumed that a party is relying on state law. For Plaintiff's reasoning to prevail, Defendant would be burdened with making the counterintuitive link that by employing the commonly used short forms for federal statutes she was really citing the DCHRA. It is incredulous that Plaintiff would expect Defendant to engage in an exercise of deciphering her use of ADA and FMLA to mean the DCHRA.

Second, Plaintiff's logic is nonsensical. Plaintiff cannot really expect the Court to believe that her responses which clearly indicated claims under two federal statutes were actually intended to assert claims under a law of the District of Columbia. The usage of such clearly identifiable federal statutes was not ambiguous. "FMLA" and "ADA" refer to the Family and Medical Leave Act and the Americans with Disabilities Act respectively. *See Dodge v. Trustees of Nat'l Gallery of Art*, 326 F.Supp.2d 1, 4 (D.D.C. 2004) (referencing the FMLA as a federal statute without a full citation); *DaimlerChrysler Corp. v. NLRB*, 288 F.3d 434, 441 (D.D.C. 2002) (same); *Welzel v. Bernstein*, No. Civ.A. 03-1887), 2005 WL 1983798, at *1 (D.D.C. Aug. 16, 2005) (same); *Thrash v. The Library of Congress*, No. Civ.A. 04-0634(RMU), 2006 WL 463251, at *1 (D.D.C. Feb. 24, 2006) (referencing the ADA as a federal statute without a full citation); *Fitts v. UNUM Life Insurance Co. of America*, No. Civ.A. 98-00617(HHK), 2006 WL 449299, at *2 (D.D.C. Feb. 23, 2006) (same); *Goodman v. Potter*, 412 F.Supp.2d 11, 15 n.1 (D.D.C. 2005) (same).

Plaintiff's election to refer to her discrimination and medical leave claims using these abbreviations clearly showed that she was asserting federal claims. No clarification was necessary since Plaintiff explicitly referenced federal statutes, full citation or otherwise. Thus, if Plaintiff's use of "FMLA" and "ADA" (both names of federal statutes) was meant as a reference to claims under the DCHRA, Plaintiff completely failed in this attempt.

Furthermore while Plaintiff contends that the use of "FMLA" refers to the DCHRA, it should be noted that the DCHRA has no analogous provision dealing with the medical leave issues which Plaintiff asserts in her interrogatory response. D.C. Code § 2-1401.01 *et seq.* There is no indication that the DCHRA was intended to provide Plaintiff with a remedy for alleged violations of the District of Columbia Family and Medical Leave Act. It is obvious that Plaintiff simply is grasping at straws to persuade this Court to remand. Based upon her pleadings and interrogatory responses, she either is asserting claims under two federal statutes and one local law or just under federal law. The ADA and the FMLA are not subsumed in the DCHRA. In either case, Plaintiff has asserted claims which arise under a law of the United States. Plaintiff's inartfully drafted discovery responses should not be rewarded, and the case therefore should not be remanded.

**B.     Plaintiff's Failure to Exhaust Administrative Remedies Is Not A Basis for Remanding To Superior Court.**

Plaintiff erroneously contends that because she failed to file an FMLA complaint with the Department of Labor ("DOL") and/or an ADA charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), Defendant should have automatically assumed that any assertions of FMLA and ADA claims had to arise under the DCHRA. While it may be true that Plaintiff has not satisfied the preconditions of the FMLA and/or ADA for filing a lawsuit, such a failure does not prohibit Plaintiff from attempting to make such a claim or Defendant from removing the claim to federal court.

The obligation for a plaintiff to exhaust administrative remedies is not a jurisdictional issues, but an affirmative defense. *Nichols v. Truscott*, 03-1831 PLF, 2006 WL 808066, *4 (D.D.C. March 30, 2006). A defendant could make a decision to move for dismissal in either state court or federal court. Such decisions are procedural and strategic. The mere fact that a

plaintiff does or does not file an administrative complaint does not prevent a defendant from removing a case to federal court when the plaintiff makes assertions plainly based on federal claims.  Accordingly, Plaintiff's admissions that she failed to exhaust her administrative remedies prior to filing this lawsuit does not preclude removal on the basis that the case arises under a law of the United States.

### C.    Rather Than Clearly Stating a Claim Under the Law of the District of Columbia, Plaintiff Muddies the Waters.

Contrary to Plaintiff's assertions, Defendant was not "well aware" that Plaintiff had alleged that Defendant had violated state statutes in her Complaint. *See* Plaintiff's Memorandum of Points and Authorities in Support of the Motion to Remand at 2.  Rather, it was unclear from Plaintiff's Complaint what claims she was making against Defendant, let alone any trace of an indication that her allegations were strictly state claims or both state and federal claims.

Because of the vagueness of Plaintiff's Complaint, Defendant stated in its Answer that it had not violated any federal or state laws with respect to Plaintiff's employment.  Upon receipt of Plaintiff's interrogatory responses, the nature of Plaintiff's claims became clear to Defendant.  Only after Defendant received Plaintiff's discovery responses in which she stated her claims were based on the FMLA and ADA did Defendant proceed to move for removal to this Court under 28 U.S.C.A. § 1441(a).  Accordingly, the Court should deny Plaintiff's request for attorney's fees and costs since Defendant removed this case in good faith.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand should be denied.  Further, Plaintiff's request for attorney's fees and costs should be denied.

Respectfully submitted,


By:/s/ _____

    Alison N. Davis
    D.C. Bar No .429700
    Dannie Fogleman
    D.C. Bar No. 414311

    FORD & HARRISON LLP
    1300 19th Street, N.W., Suite 700
    Washington, DC  20036
    (202) 719-2000

    Attorney for Defendant CCA of Tennessee, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing

Defendant CCA of Tennessee, Inc.'s Opposition to Plaintiff's Motion to Remand to the

following via electronic filing, on May 2, 2006:


L. Saundra White, Esquire
3540 Crain Highway #107
Bowie, Maryland 20716

Alison N. Davis

DC:60119.1