IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Renita S. Walston Jackson,**

    Plaintiff

    v.

**CCA of Tennessee, Inc.,**

    Defendant

CIVIL ACTION NO: 1-06-cv-616 (RCL)

**PLAINTIFF RENITA WALSTON JACKSON'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**NOW COMES**, the Plaintiff Renita Walston Jackson by and through her counsel to reply to Defendant's CCA of Tennessee, Inc. Opposition to Plaintiff's Motion to Remand. In accordance with this Reply, Plaintiff's Motion to Remand should be granted and this matter should be removed back to the District of Columbia Superior Court.

**I. ARGUMENT**

*A. Defendant's Opposition fails to show that this Court has original jurisdiction to determine Plaintiff's disability and family medical leave issues and other discrimination matters under the District of Columbia Human Rights Act.*

Defendant removed this matter on their argument that Plaintiff raised federal claims in her

responses to their interrogatories. Plaintiff in her Motion to Remand asserted that even though she had mentioned disability claims under the American Disability Act (ADA) and leave claims under the Family Medical Leave Act (FMLA) she did not cite the federal statute for these provisions and that she is pursuing her claims under the disability discrimination provision of the D.C. Human Rights Act(D.C. Code §2-1402 et.seg.). and the family leave provisions under the District of Columbia Family and Medical Leave Act of 1990 (D. C. Code §32-501 (2001) et.seg.).

Regardless of the misnomer in Plaintiff's responses to Defendant's interrogatories, Plaintiff is pursuing her disability claims, family leave claims, hostile work environment, harassment claims and other discrimination claims under the District of Columbia Family and Medical Leave Act and the District of Columbia Human Rights Act. Defendant knew or should have known that CCA has to comply with the District of Columbia laws and statutes especially since it does business in the District of Columbia and has a contract with the District of Columbia Government.

Defendant in its response to Plaintiff's Motion to Remand does not provide any authority whereby this Court has original jurisdiction to hear cases under the District of Columbia Human Rights Act or the District of Columbia Family Medical Leave Act. Instead, Defendant erroneously argue that the District of Columbia does not have a disability statute or a family or medical leave statute. Defendant also erroneously asserts that Plaintiff in her Motion to Remand indicated that the D.C. Human Rights Act provides a remedy for violations of the District of Columbia Family and Medical Leave Act. Plaintiff's Motion to Remand clearly cites the statute of the District of Columbia Human Rights Act and argues that it provides a remedy for Plaintiff for her disability and pregnancy discrimination claims while the District of Columbia Family Medical Leave Act provides a remedy for Plaintiff's family leave claims.

Plaintiff argued in her Motion to Remand that the disability discrimination provision under the District of Columbia Human Rights Act (DCHRA) is similar to the Americans Disability Act (ADA). The District of Columbia Superior Courts have considered decisions construing the ADA as pe4rsuasive in their decisions construing comparable sections of the DCHRA.  For example, *Grant v. The May Department Stores Company*, *American University v. D.C. Commission on Human Rights*, 598 A.2d 416, (D.C. 1991), and *Strass v. Kaiser Foundation Health Plan of Mid-Atlantic*, 744 A.2d 1000, (D.C. 2000), Courts have held that the definition of "disability" under the DCHRA is substantially similar to the definition found in the ADA and EEOC regulations.

In *Zuubrbier v. Medstar Health, Inc.*, 306 F.Supp2d 1 (DDC 2004)  this Court granted Plaintiff's Motion to remand her case back to the District of Columbia Superior Court because the case consisted of state law claims.  The Court also held that a plaintiff has a right to choose her forum in which to sue and retain that choice absent some other protected interest.  This Court further held that because only state law claims remains should in the interests of comity be heard by the Superior Court, which has greater familiarity with the unique questions of state law currently in dispute.

Defendant has failed to present any plausible argument showing that this Court has original jurisdiction to hear Plaintiff's claims under the District of Columbia Human Rights Act or the District of Columbia Family Medical Leave Act.  Regardless of whether  Plaintiff calls her claims, ADA or FMLA, Plaintiff has always meant the "disability discrimination and family medical leave provisions" under the District of Columbia laws and statutes.  Therefore, since Plaintiff is not asserting any claims under the federal provisions for disability and family medical leave, this matter should be remanded back to the District of Columbia Superior Court

immediately.

*B. Defendant's Argument that Plaintiff's failure to exhaust administrative remedies does not prevent it from removing the claim to Federal Court will deprive Plaintiff from her right to due process*

If this Court fails to remand this case back to the D.C. Superior Court, this matter will probably be dismissed by this Court. However, if this matter continues in this Court, Plaintiff will be subjected to an additional scheduling conference and discovery period and ultimately be ordered to respond to Defendant's Motion to Dismiss on the ground that she failed to exhaust her administrative remedies under the federal statute for ADA and FMLA. Thus, this process will ultimately deprive Plaintiff of her right to have her day in court.

However, since plaintiff has a right to choose her forum in which to sue and retain that choice absent some other protected interest, this Court should remand this case back to the state court so that Plaintiff claims based upon the D.C. Human Rights Act and the D.C. Family Medical Leave Act can be adjudicated.

*C. Defendant muddies the water with its false allegations that Plaintiff has failed to state a claim under the law of the District of Columbia Human Rights Act.*

Defendant real motive in this matter is delay. In accordance with the Scheduling Order issued by the D.C. Superior Court, discovery will close on May 15, 2006. Also, instead of responding to Plaintiff's Interrogatory and Discovery Request, Defendant's filed a meritless Notice of Removal. Defendant has acted in bad faith since it knew or should have known that Plaintiff has never asserted any claims that originated under the U.S. Constitution and Defendant was placed on notice in Plaintiff's Motion for Remand that all of her claims are under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act.

Defendant continues to attempt to delay this matter by filing the Notice of Removal and filing a frivolous Opposition to Plaintiff's Motion to Remand. Because Defendant's actions are in bad faith and their only motive is to cause confusion and delay in this matter, this Court should remand this matter back to the District of Columbia Superior Court and award Plaintiff cost and attorney's fees of $1,350.00 in accordance with section 1447 ( c) of the US Code.

### III.  CONCLUSION

All of Plaintiff's claims are under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act and therefore this matter should be remanded back to the District of Columbia Superior Court and this Court should award Plaintiff her cost including attorneys fees that she incurred in this procedural matter.

May 7, 2006                                      Respectfully submitted,
Date

                                                                                                 _____
L. Saundra White
Federal Bar No:MD012370
3540 Crain Highway, # 107
Bowie, Md 20716
(301) 574-3547
Email: WhiteLegalGrp@aol.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,** <br><br> Plaintiff <br><br> v. <br><br> **CCA of Tennessee, Inc.,** <br><br> Defendant | CIVIL ACTION NO: <u>1-06-cv-616 (RCL)</u> |

## ORDER

**WHEREFORE**, it is by this Court this _____day of _____2006 that after a review of Plaintiff's Motion To Remand, Defendant's Opposition and Plaintiff's Reply, it is

**HEREBY ORDERED** that

1. Plaintiff's Motion to Remand is Granted, and

2. This Matter is Remanded back to the District of Columbia Superior Court, and

3. Defendant is ordered to pay Plaintiff's cost and attorney's fees.

_____
JUDGE

cc:

L. Saundra White, Esq.
3540 Crain Highway, #107
Bowie, MD 20716

Alison N. Davis
Ford & Harrison, LLP
1300 19th Street, NW, Suite 700
Washington, D.C. 20036