IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Renita S. Walston Jackson,**

    Plaintiff

v.

**CCA of Tennessee, Inc.,**

    Defendant

CIVIL ACTION NO: 1-06-cv-616 (RCL)

**PLAINTIFF RENITA WALSTON JACKSON'S MOTION FOR RECONSIDERATION OF HER MOTION TO REMAND**

**NOW COMES**, the Plaintiff Renita Walston Jackson by and through her counsel to request this Court to reconsider her Motion to Remand and provide the following:

1. Plaintiff Renita Walston Jackson originally filed this matter in the Superior Court for the District of Columbia on September 15, 2005.

2. Plaintiff alleged in her responses to Defendant's Discovery that Defendant had violated provisions of ADA and FMLA.

3. Defendant made misrepresentations in their Notice of Removal by asserting that Plaintiff cited the federal ADA and FMLA statute.

4. Regardless of the misnomer in Plaintiff's responses to Defendant's interrogatories, Plaintiff did not cite the federal ADA or FMLA statute. However, Plaintiff is pursuing her

disability claims, family leave claims, hostile work environment, harassment claims and other discrimination claims under the District of Columbia Family and Medical Leave Act and the District of Columbia Human Rights Act .

5. Plaintiff is not asserting any claims under the federal Family Medical Leave Act or the federal Americans Disability Act.

6. All of Plaintiff's claims are under the District of Columbia Family and Medical Leave Act and the District of Columbia Human Rights Act.

7. It does not appear that this Court has jurisdiction to hear Plaintiff's claims under the District of Columbia Family and Medical Leave Act and the District of Columbia Family and Medical Leave Act.

**WHEREFORE**, Plaintiff prays that this Court will reconsider her Motion to Remand since Plaintiff is not asserting any claims under the Federal ADA or the Federal FMLA and Plaintiff is asserting only state acts and statutes.

June 11, 2006  
Date

Respectfully submitted,

_____  
L. Saundra White  
Federal Bar No:MD012370  
3540 Crain Highway, # 107  
Bowie, Md 20716  
(301) 574-3547  
Email: WhiteLegalGrp@aol.com  
Attorney for Plaintiff

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,**<br><br>Plaintiff<br><br>v.<br><br>**CCA of Tennessee, Inc.,**<br><br>Defendant | CIVIL ACTION NO: 1-06-cv-616 (RCL) |

### MEMORANDUM OF LAW AND AUTHORITIES TO SUPPORT PLAINTIFF"S MOTION FOR RECONSIDERATION

**I.  ARGUMENT**

*A.  Plaintiff's mention of the ADA and the FMLA in her responses to Defendant's discovery request is not sufficient to remove Plaintiff's lawsuit to the Federal Court since Plaintiff has never file any action or claim under the Federal statutes or Court and Plaintiff does not intend defend or assert any federal claims against the Defendant CCA in the Federal Court.*

This Court denied Plaintiff's Motion to Remand her case back to the District of Columbia Superior Court and provided that Plaintiff's motion was denied because Plaintiff mention ADA and FMLA in her response to Defendant's discovery request. Plaintiff has never filed any claim with any federal agency with respect to ADA or FMLA.

Defendant removed this matter on their argument that Plaintiff raised federal claims in her

3

responses to their interrogatories. Plaintiff in her Motion to Remand asserted that even though she had mentioned disability claims under the American Disability Act (ADA) and leave claims under the Family Medical Leave Act (FMLA) she did not cite the federal statute for these provisions and that she is pursuing her claims under the disability discrimination provision of the D.C. Human Rights Act(D.C. Code §2-1402 et.seg.) and the family leave provisions under the District of Columbia Family and Medical Leave Act of 1990 (D. C. Code §32-501 (2001) et.seg.).

   Plaintiff has no intentions on filing or pleading any federal claims in the Federal Court (See Exhibit A). Because Plaintiff has never filed any claims with any federal agency or federal courts. Thus, it appears that Defendant will likely request this court to dismiss the claims. However, Plaintiff is asserting state claims under the D.C. Family Medical and Leave Act and the D.C. Human Rights Act. Therefore, this court should remand Plaintiff's state claims back to the D.C. Superior Court since Plaintiff has not and will not defend or plead any federal claims.

***II. Unless this Court asserts jurisdiction to hear Plaintiff's claims under the D.C. Human Family Medical Leave Act and D.C. Human Rights Act or remands this matter back to the D.C. Superior Court, Plaintiffs Due Process Rights will be violated and she will lose her right to have her day in Court to assert her state claims against the Defendant CCA.***

   Plaintiff's claims under the D.C. Family Medical Leave Act and the D.C. Human Rights Act are ripened since she filed a timely complaint in the D.C. Superior Court. Any federal claims that Plaintiff might have are not ripened in the Federal Court since Plaintiff never filed a claim in the Federal Court, never filed a claim with any federal agency and never received a letter to sue in the Federal Court. Therefore, no scheduling conference should be held in this Court because Plaintiff has not exhaust any federal administrative remedies that authorizes her to plead or defend any

4

federal claim that she might have. Plaintiff has alleged that Defendant violated the federal ADA and the District of Columbia disability statutes but she has no intention on bringing any federal action against the Defendant because she has not ripened her federal claims.

Unless this Court asserts jurisdiction to hear Plaintiff's state claims under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act, this Court should remand Plaintiff's claims back to the D.C. Superior Court.

The Federal Courts in this Circuit have constantly held that the Plaintiff has a right to choose her forum in which to sue and retain that choice absent some other protected interest. For example, In *Zuubrbier v. Medstar Health, Inc*., 306 F.Supp2d 1 (DDC 2004) this Court granted Plaintiff's Motion to remand her case back to the District of Columbia Superior Court because the case consisted of state law claims. The Court also held that a plaintiff has a right to choose her forum in which to sue and retain that choice absent some other protected interest. This Court further held that because only state law claims remains should in the interests of comity be heard by the Superior Court, which has greater familiarity with the unique questions of state law currently in dispute.

Regardless of Plaintiff's response in Defendant's discovery request that Defendant has violated her rights under ADA and FMLA, Plaintiff is not and will not defend or assert any federal ADA or FMLA claims against the Defendant in this Court. Therefore, the only issues that will remain in this matter will be state issues that will be lost unless this Court asserts jurisdiction or remand the matter back to the D.C. Superior Court

5

### III. CONCLUSION

All of Plaintiff's claims are under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act and therefore this Court should reconsider Plaintiff's Motion to Remand and remand back to the District of Columbia Superior Court and this Court should award Plaintiff her cost including attorneys fees that she incurred in this procedural matter.

<u>June 11, 2006</u>  
Date

Respectfully submitted,

_____  
L. Saundra White  
Federal Bar No:<u>MD012370</u>  
3540 Crain Highway, # 107  
Bowie, Md 20716  
(301) 574-3547  
Email: WhiteLegalGrp@aol.com  
Attorney for Plaintiff

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,**<br><br>Plaintiff<br><br>v.<br><br>**CCA of Tennessee, Inc.,**<br><br>Defendant | CIVIL ACTION NO: <u>1-06-cv-616 (RCL)</u> |

<u>**AFFIDAVIT**</u>

I, Renita S. Walston Jackson hereby make the following declarations:

1. I filed a lawsuit in the D.C. Superior Court on September 15, 2005.l

2. This lawsuit was filed after speaking with a representative from the D.C. Office of Human Rights and the EEOC.

3. The representative from EEOC stated that my claims were viable under the D.C. Human Rights Act and the D.C. Family Medical Leave Act since I was working at the Defendant CCA's headquarters in the District of Columbia.

4. I stated in my responses that Defendant had violated my rights under ADA and FMLA but I always meant my rights under the District of Columbia Laws and

7

Statutes.

5. I realized that Defendant has violated my rights under federal and state laws, however I am only asserting claims under the D.C. Human Rights Act and D.C. Family Medical Leave Act.

6. I have no intentions on asserting or defending any federal claims against the Defendant CCA.

7. I am requesting this Court to remand this action back to the D.C. Superior Court.

I <u>Renita S. Walston Jackson</u> under the penalties of perjury hereby assert that the above declarations are made with the best of my information and knowledge.

                      Respectfully submitted.

                      *Renita S. Walstson Jackson*
                      Renita S. Walston Jackson
                      Plaintiff

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,**<br><br>Plaintiff<br><br>v.<br><br>**CCA of Tennessee, Inc.,**<br><br>Defendant | **CIVIL ACTION NO**: <u>1-06-cv-616 (RCL)</u> |

## **ORDER**

**WHEREFORE**, it is by this Court this _____ day of _____ 2006 that after a review of Plaintiff's Motion For Consideration and the entire record, it is

**HEREBY ORDERED** that

1. Plaintiff's Motion to Reconsider Her Motion to Remand is **GRANTED**, and

2. This Matter is Remanded back to the District of Columbia Superior Court, and

3. Defendant is ordered to pay Plaintiff's cost and attorney's fees.

_____
JUDGE

9

cc:

L. Saundra White, Esq.
3540 Crain Highway, #107
Bowie, MD 20716

Alison N. Davis
Ford & Harrison, LLP
1300 19th Street, NW, Suite 700
Washington, D.C.  20036