IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Renita S. Walston Jackson,<br><br>    Plaintiff,<br><br>v.<br><br>CCA of Tennessee, Inc.,<br><br>    Defendant. | CIVIL ACTION NO.: 1:06-cv-616 (RCL) |

**DEFENDANT CCA OF TENNESSEE, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant CCA of Tennessee, Inc. ("CCA") hereby responds to Plaintiff Renita S. Walston Jackson's ("Plaintiff") Motion for Reconsideration ("Motion"). For the reasons set forth more fully below, Plaintiff's Motion should be denied because Plaintiff's Motion simply provides no reason for the Court to change its decision. Further, even if Plaintiff's Motion contained any discernible merit, the amount of damages alleged by Plaintiff exceed $75,000, and thus, this case will inevitably be heard in federal court because of diversity jurisdiction.

**I.  INTRODUCTION**

Plaintiff's Motion is a waste of the Court's time and resources. Motions for reconsideration are permitted in order to bring to the court's attention newly discovered evidence or potential mistakes of law that could affect the court's earlier decision. Plaintiff's Motion contains no such averments. Rather, it appears clear that Plaintiff misused her Motion as a platform for a last-ditch attempt to restate the same arguments she made in her unsuccessful Motion to Remand. Moreover, Plaintiff alleges damages in excess of $75,000. Therefore, even if there was a meritorious reason to remand the case at this time, it will eventually make its way

back to federal court due to diversity jurisdiction. Accordingly, Plaintiff's Motion should be denied.

II. **PROCEDURAL HISTORY**

On September 12, 2005, Plaintiff filed a *pro se* Complaint against Defendant in the Civil Division of the Superior Court of the District of Columbia. The sum total of the allegations made in Plaintiff's Complaint were as follows:

> After going through approximately two years of discrimination (difference in treatment) and harassment, I attempted to inform management verbally and in writing and due to actions by [several wardens] that were beyond my control I was wrote up repeatedly, harassed, and ultimately terminated wrongfully. Due to a . . . difference in treatment/harassment, I have subsequently developed "Panic Attack Syndrome," a medial disorder due to stress.

Plaintiff's Complaint. It was unclear from the Complaint whether her claim arose under federal or state law.

On March 4, 2006, after Plaintiff retained counsel, CCA received Plaintiff's responses to CCA's First Set of Interrogatories. Plaintiff responded to Defendant's Interrogatory No. 5, in part, as follows:

> ***
>
> Plaintiff also requested sick leave under FMLA for her illness as a result of her pregnancy and miscarriage and for her medical problems that she sustained during an automobile accident. Plaintiff also requested leave under ADA for permission to seek medical care for her disability (panic attack syndrome) and to leave Defendant's facility when she had panic attack.
>
> ***
>
> Defendant failed to accommodate Plaintiff under FMLA or ADA but wrote her up and denied her medical leave on the days that she missed for her pregnancy, miscarriage, injuries resulting from an automobile accident and for her disability (panic attack syndrome) even though Plaintiff provided medical certification for her illness and disability (panic attack syndrome).

*See* Doc. No. 3 (Exhibit A to Defendant's Notice of Removal) (emphasis added). She also

claimed damages in excess of $3.8 million.

While Plaintiff's responses did not include any statutory citation, they unequivocally referenced the "FMLA" and the "ADA". In light of the accepted usage of the abbreviations "FMLA" and "ADA" in the employment context, Defendant understood Plaintiff to be referencing the federal Family and Medical Leave Act and the Americans with Disabilities Act, respectively. Based upon that understanding, Defendant filed its Notice of Removal on April 3, 2006. On April 21, 2006, Plaintiff filed a Motion to Remand her case back to the District of Columbia Superior Court. The Court issued an order denying Plaintiff's Motion to Remand on June 1, 2006. Unhappy with the Court's decision, Plaintiff filed this Motion for Reconsideration on June 12, 2006.

### III. ARGUMENT

#### A. Plaintiff's Motion Provides No Reason to Disturb This Court's Decision

Rather than present newly discovered evidence or bring attention to a possible mistake of law, Plaintiff used her Motion to rehash the exact same arguments she unsuccessfully made in her Motion to Remand. Revisiting previously decided issues is distinctly not the function of a motion for reconsideration. "A motion for reconsideration has a limited purpose. It is not a tool to simply re-litigate issues that the Court has already decided." *Zhu v. United States*, No. Civ.A. 04-1216(RMC), 2006 WL 13240, at *2 (D.D.C. Jan. 3, 2006). In order to satisfy the requirements of a motion for reconsideration, a movant must demonstrate some "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice." *Bryson v. Gere*, 268 F.Supp.2d 46, 53 (D.D.C. 2003).

Plaintiff's Motion easily fails to meet this standard. Plaintiff's chief arguments in her Motion are based upon her alleged failure to file federal claims with any federal agencies or courts. Doc. No. 8 (Pl.'s Mot. for Recons. at 1-5). These very same assertions were already detailed in Plaintiff's Motion to Remand, Doc. No. 4 (Pl.'s Mot. to Remand at 5-9), and the Court rejected them as an insufficient basis to remand this case. Due to the lack of new information or contentions, Plaintiff's Motion is redundant and a misuse of the Court's time and rules.

### B.  This Case Will Inevitably be Heard in Federal Court Because Plaintiff Alleges Damages in Excess of $75,000

Even if Plaintiff had met the standard for a motion for reconsideration, her alleged damages would inevitably trigger a removal to federal court. Plaintiff believes she has suffered damages in excess of $75,000. Specifically, in her responses to Defendant's first set of Interrogatories, Plaintiff claims that she has sustained damages in the amount of $3,855,000.00, Doc. No. 3 (Exhibit A to Def.'s Notice of Removal), as a result of Defendant's alleged unlawful conduct.

Under federal law, a federal court may assert jurisdiction where the amount in controversy exceeds $75,000, exclusive of costs and interests, and the parties are citizens of different states. 28 U.S.C. § 1332(a). The parties meet the diversity of citizenship requirement—Plaintiff is a citizen of Maryland. CCA is a Tennessee corporation, with it principal place of business in Nashville, Tennessee. Further, Plaintiff alleges damages exceeding $75,000. Thus, regardless of Plaintiff's arguments in this Motion, the parties already meet the statutory requirements necessary for removal to federal court. Preventing the remand of this case to D.C. Superior Court at this juncture will save the Court time and resources in the future.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration should be denied. Further, Plaintiff's request for attorney's fees and costs should be denied.

Respectfully submitted,

By:/s/Alison N. Davis
Alison N. Davis
D.C. Bar No .429700
Dannie Fogleman
D.C. Bar No. 414311

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC  20036
(202) 719-2000

Attorneys for Defendant CCA of Tennessee, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing Defendant CCA of Tennessee, Inc.'s Opposition to Plaintiff's Motion for Reconsideration to the following via electronic filing, on June 26, 2006:

L. Saundra White, Esquire
3540 Crain Highway #107
Bowie, Maryland 20716

_____
Alison N. Davis

DC:61034.1