IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,**<br><br>Plaintiff<br><br>v.<br><br>**CCA of Tennessee, Inc.,**<br><br>Defendant | CIVIL ACTION NO: 1-06-cv-616 (RCL) |

**PLAINTIFF RENITA WALSTON JACKSON'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

**NOW COMES,** Plaintiff Renita Jackson by and through her counsel to present her reply to Defendant's Opposition to her Motion for Reconsideration of her Motion to Remand.

**I. Argument**

*A. Defendant's erroneously argues that Plaintiff's Motion for Reconsideration is a waste of the Court's time and resources because Plaintiff did not present any new evidence.*

Motions for reconsideration are subjected to the sound discretion of the trial court and can be granted if there is an intervening change in the controlling law, the availability of new evidence or the need to correct a clear error or to prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ; *Bryson v. Gere*, 268 F. Supp. 2d 46, 53 (DDC 2003); *Judicial Watch, Inc .v. United States Department of Energy,* et al., 319 F. Supp. 2d 32 .

Plaintiff argued in her Motion for Reconsideration that unless the Federal Court asserts jurisdiction to hear her state claims under the D.C. Human Rights Act then her due process rights will be violated because she will not have her day in court. Thus, if this Court fails to hear Plaintiff's state claims or remand her state claims back to the District of Columbia Superior Court, manifest injustice will occur.

Plaintiff also argued in her Motion for Reconsideration that even though she mentioned "ADA" and "FMLA" in her responses to Defendant's discovery requests, she has not filed any claims under the Federal ADA and FMLA. Also, even though Defendant has violated the federal ADA and FMLA, Plaintifff will not file or assert any claims against the Defendant under the federal statutes. Instead, Plaintiff has filed timely claims against the Defendant under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act.

This Court indicated that it denied Plaintiff's Motion to Remand because the Plaintiff had mentioned "ADA" and FMLA" in her discovery responses. This is a clear error because the Federal Courts in this circuit have constantly held that the Plaintiff has a right to choose her forum in which to sue and retain that choice absent some other protected interest. For example, *Zuubrbier v. Medstar Health, Inc.*, 306 F.Supp2d 1 (DDC 2004) granted Plaintiff's Motion to remand her case back to the District of Columbia Superior Court because the case consisted of state law claims. The Court also held that a plaintiff has a right to choose her forum in which to sue and retain that choice absent some other protected interest. This Court further held that because only state law claims remains should in the interests of comity be heard by the Superior Court, which has greater familiarity with the unique questions of state law currently in dispute.

***B. Defendant's Opposition is untimely and its argument that this case will inevitably be heard in federal court on grounds of diversity is untimely and erroneous***.

Local Federal rule 7 (b) provides that within eleven (11) days of the date of service or at such other time as the Court may direct an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

Plaintiff served her Motion for reconsideration on June 12, 2006.. In order to meet the deadline under Rule 7(b), Defendant had to file its Opposition by Friday, June 23, 2006. However, Defendant filed its opposition on June 26, 2006, fourteen days after receipt of Plaintiff's Motion for Reconsideration. Thus, Defendant's Opposition was untimely.

Defendant's argument that this matter will inevitably be heard in Federal Court because Plaintiff alleges damages in excess of $75,000.00 is also untimely. Plaintiff nor Defendant has requested that this matter be removed because of diversity. Also, Defendant would have thirty (30) days from the date that they received notice that this case could be removed on diversity grounds. Defendant discovered on March 3, 2006 that Plaintiff was alleging damages in excess of $75,000.00 and thus, any removal based on diversity would be untimely.

The District of Columbia Superior Court has original and exclusive jurisdiction of this matter and all the parties. Plaintiff was a former employee of the Defendant and is alleging that Defendant violated the D.C. Human Rights Act and the D.C. Family Medical Leave Act. Defendant CCA conducts business in the District of Columbia and Plaintiff was employed at Defendant's work site in the District of Columbia. Thus, any removal claims based on diversity would be untimely and the District of Columbia Superior Court would still have exclusive and

original jurisdiction regardless of the amount of damages that Plaintiff seeks.

## II. CONCLUSION

Regardless of Plaintiff's discovery responses that Defendant violated her rights under ADA and FMLA, Plaintiff is not and will not defend or assert any federal ADA or FMLA claims against the Defendant in this Court.  Therefore, in order to avoid manifest injustice this Court should either assert jurisdiction over Plaintiff's state claims under the D. C. Human Rights Act and the D.C. Family Medical Leave Act or remand this matter back to the D.C. Superior Court.

July 3, 2006  
Date

Respectfully submitted,

_____  
L. Saundra White  
Federal Bar No:MD012370  
3540 Crain Highway, # 107  
Bowie, Md 20716  
(301) 574-3547  
Email: whitelegalgrp@aol.com  
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,** <br><br> Plaintiff <br><br> v. <br><br> **CCA of Tennessee, Inc.,** <br><br> Defendant | **CIVIL ACTION NO**: <u>1-06-cv-616 (RCL)</u> |

### **ORDER**

**WHEREFORE**, it is by this Court this _____ day of _____ 2006 that after a review of Plaintiff's Motion For Reconsideration , it is

**HEREBY ORDERED** that

1. Plaintiff's Motion to Reconsider Her Motion to Remand is **GRANTED**, and

2. This Matter is Remanded back to the District of Columbia Superior Court, and

3. Defendant is ordered to pay Plaintiff's cost and attorney's fees.

_____
JUDGE

5

cc:

L. Saundra White, Esq.
3540 Crain Highway, #107
Bowie, MD 20716

Alison N. Davis
Ford & Harrison, LLP
1300 19th Street, NW, Suite 700
Washington, D.C.  20036