IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,**<br><br>Plaintiff<br><br>v.<br><br>**CCA of Tennessee, Inc.,**<br><br>Defendant | CIVIL ACTION NO: 1-06-cv-616 (RCL) |

## PLAINTIFF'S MOTION TO DISMISS FEDERAL CLAIMS

**NOW COMES**, Plaintiff Renita S. Walston-Jackson by and through counsel to dismiss claims based under the Federal statute for the American Disabilities Act and the Family Medical Leave Act and provide the following:

1. Plaintiff in her response to the Defendant CCA pf Tennessee, Inc's interrogatory request indicated that Defendant violated the American Disabilities Act and the Family Medical Leave Act.

2. Plaintiff did not file a complaint with the Equal Employment Opportunity Commission and she did not receive a right to sue letter in order to bring an action under the American Disabilities Act and the Federal Medical Leave Act.

3. Plaintiff filed a timely action under the District of Columbia Human Rights Act

(DCHRA) in the Superior Court for the District of Columbia. Plaintiff asserted in DCHRA action that Defendant discriminated against her because of disabilities, failed to allow her to take medical and sick leave and subjected her to a hostile work environment.

    4. Defendant removed this action from the Superior Court for the District of Columbia to the U.S. District Court for the District of Columbia because of Plaintiff's reference in her discovery responses to the Federal statute for ADA and FMLA.

    5. Any claims that Plaintiff might have under the federal statute for ADA and FMLA are not currently ripen because Plaintiff did not exhaust her administrative remedies for those claims.

    **WHEREFORE** Plaintiff Renita S. Walston-Jackson prays that this Court will dismiss any and all claims under the American Disabilities Act and the Family Medical Leave Act and allow this matter to go forward with respect to Plaintiffs' District of Columbia Human Rights claims that include her disability discrimination, denial of medical and sick leave and her hostile work environment claims.

June 15, 2007
Date

Respectfully submitted,

/s/ L. Saundra White
L. Saundra White
Federal Bar No: MD012370
3540 Crain Highway, # 107
Bowie, Md 20716
(301) 574-3547
Email: WhiteLegalGrp@aol.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,**<br><br>Plaintiff<br><br>v.<br><br>**CCA of Tennessee, Inc.,**<br><br>Defendant | **CIVIL ACTION NO**: 1-06-cv-616 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES TO SUPPORT PLAINTIFF'S MOTION TO DISMISS**

**I.  ARGUMENT**

*A. Plaintiff's American Disability Act and Family Medical Leave Act alleged claims under the Federal statute claims should be dismissed because Plaintiff did not exhaust her administrative remedies.*

In order to bring a claim in the U.S. District Court under the American Disability Act , the Plaintiff must exhaust various administrative remedies. Title VII and the American Disability Act (Title 1) provides that a charge must be filed with the Equal Employment Opportunity Commission within 180 days after the occurrence of an alleged unlawful employment practice. The 180 day period marks the earliest time at which a private party can request a right-to-sue letter and bring a private action in a United Stated District Court. *See Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355 (1977). A party's statute of limitations for filing a private action does not

begin to run until the Commission has issued a right-to-sue letter. A Complainant has 90 days from receipt of the right-to-sue letter to bring an action in Court. *See also* 42 U.S.C. §2000e-5(f)(1) incorporated into ADA by 42 U.S.C. §12117(a).

The Family Medical Leave Act (FMLA) of 1993 provides certain employees with up to twelve (12) work weeks of unpaid, job-protected leave a year, and requires group health benefits to be maintained during the leave as if employees continued to work instead of taking leave. The Department of Labor compliance guide summarizes the FMLA provisions and regulations. See 29 CFR Part 825. Under the FMLA federal statute, a claimant must first file a claim with the Department of Labor for alleged violations of FMLA.

In this matter, Plaintiff indicated in her response to Defendant's discovery request that Defendant violated ADA and FMLA. However, Plaintiff did not file any ADA complaints with the EEOC or any FMLA action with the Department of Labor. Also, Plaintiff never received a right to sue letter. Thus, even though Plaintiff mentioned the federal statutes for ADA and FMLA in her discovery responses, these claims are not ripened for this Court's jurisdiction because Plaintiff did not exhaust her required administrative remedies with respect to ADA or FMLA. Therefore, this Court should dismiss any alleged or perceived ADA or FMLA claims under the federal statutes.

***B  Discovery in this matter and this action before this Court should be limited to Plaintiff's claims under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act.***

Under the District of Columbia Human Rights Act of 1977 (DCHRA), as amended (DC Code §2-1401.01 et. seg.), no employer can discriminate on the basis of actual or perceived disability, family responsibilities, etc. Also, under the DCHRA, an employer can not retaliate against an employee because of protective disclosures, can not harass employees or subject them to a hostile

work environment. Under the DCHRA when an employee believes that discrimination has occurred they may elect to either go directly to the court to file a complaint within one year of the alleged discrimination or may file a formal complaint with the EEO Director at the D.C. Office of Human Rights.

The District of Columbia Family and Medical Leave Act of 1990, DC Code §32-501 (2001) requires all employers of 20 or more employees in the District of Employment to provide up to 16 weeks of unpaid family leave. The District of Columbia FMLA further provides that a complaint concerning a denial of rights under this act must be filed within one year of the occurrence or discovery of the violation.

The Plaintiff filed a timely action with respect to her discrimination, retaliatory, harassment and hostile work environment claims under the D.C. Human Rights Act and her claims regarding violation of the D.C. Family Medical Leave Act. Also, Plaintiff requested a jury trial with respect to her claims under the D.C. Human Rights Act and the D.C. Family Medical Leave Act. Therefore, because Plaintiff exhausted her administrative remedies with respect to the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act, it appears that this Court have jurisdiction to hear Plaintiff's District of Columbia law claims.

*C. Conclusion*

In this action, Plaintiff is not asserting any claims under any federal statute but instead are asserting claims under the District of Columbia Human Rights Act. Therefore, any alleged ADA or FMLA claims under the federal statutes should be dismissed because the Plaintiff did not exhaust her administrative remedies. However, because the District of Columbia Human Rights Act is a local statute under the laws of the United States of America, it appears that this Court has jurisdiction to

hear these matters because the Plaintiff filed a timely complaint and made a request for a jury to hear these matters.

                Respectfully submitted

                /s/ L. Saundra White
                L. Saundra White
                Federal Bar No: MD012370
                3540 Crain Highway, # 107
                Bowie, Md 20716
                (301) 574-3547
                Email: WhiteLegalGrp@aol.com
                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, the Plaintiff's Motion to Dismiss and Memorandum of Points and Authorities was filed via email and pacer to Defendant CCA's Attorneys: Ford & Harrison, LLP, Attn: Allison N. Davis, Esq. and Dannie B. Fogleman, Esq.,1300 19th Street, NW, Suite 700, Washington, D.C. 20036.

                /s/ L. Saundra White

                L. Saundra White, Esq.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Renita S. Walston Jackson,**  Plaintiff  v.  **CCA of Tennessee, Inc.,**  Defendant | **CIVIL ACTION NO**: <u>1-06-cv-616 (RCL)</u> |

<u>**ORDER**</u>

**WHEREFORE**, it is by this Court this _____ day of _____ 2007 that after a review of Plaintiff's Motion To Dismiss, any opposition and the entire record, it is

**HEREBY ORDERED** that

1. Plaintiff's Motion to Dismiss the alleged American Disabilities Act and Family Medical Leave Act claims under the federal statues is **GRANTED**, and

2. This Court has jurisdiction to hear Plaintiff's claims and actions under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act.

3. Discovery in this matter will be limited to Plaintiffs' claims and issues asserted under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act.

_____
JUDGE

cc:

L. Saundra White, Esq.
3540 Crain Highway, #107
Bowie, MD 20716

Alison N. Davis
Ford & Harrison, LLP
1300 19th Street, NW, Suite 700
Washington, D.C.  20036