IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Renita S. Walston Jackson,<br><br>      Plaintiff,<br><br>v.<br><br>CCA of Tennessee, Inc.,<br><br>      Defendant. | CIVIL ACTION NO.: 1:06-cv-616 (RCL) |

### DEFENDANT CCA OF TENNESSEE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FEDERAL CLAIMS

Defendant CCA of Tennessee, Inc. ("CCA" or "Defendant") hereby responds to Plaintiff Renita S. Walston Jackson's ("Plaintiff") Motion to Dismiss Federal Claims ("Motion"). For the reasons set forth more fully below, the Court should grant Plaintiff's Motion pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and dismiss the entire action with prejudice.

**I.    PROCEDURAL HISTORY**

On September 12, 2005, Plaintiff filed a *pro se* Complaint against Defendant in the Civil Division of the Superior Court of the District of Columbia. (Def.'s Notice of Removal (Doc. No. 1) Ex. A (Complaint).) It was unclear from her bare bones Complaint whether her claims arose under federal or state law because the Complaint was devoid of any reference to a statutory or common law cause of action which could form the legal basis for Plaintiff's allegations of wrongful conduct. (Order Den. Pl.'s Mot. to Remand (Doc. No. 7).)

- 1 -

On March 4, 2006, after Plaintiff retained counsel, Plaintiff responded to CCA's First Set of Interrogatories. While Plaintiff's responses again did not include any federal or state statutory citations, or provide a common law basis for relief, they unequivocally referenced the "FMLA" and the "ADA," and stated that she was seeking to recover in excess of $3.8 million in damages. (Def.'s Notice of Removal (Doc. No. 1) Ex. A (Pl.'s Resp. to Def.'s First Set of Interrogs. ## 4-5).) In light of the accepted usage of the abbreviations "FMLA" and "ADA" in the employment law context, Defendant understood Plaintiff to be referring to the federal Family and Medical Leave Act and Americans with Disabilities Act, respectively. Based on the understanding that Plaintiff was raising federal questions, Defendant filed a notice of removal pursuant to 28 U.S.C. § 1446 on April 3, 2006, and the case was removed.

On April 21, 2006, Plaintiff filed a motion to remand her case to the Superior Court of the District of Columbia on the grounds that her "FMLA and ADA claims were under the District of Columbia Human Rights act [sic]." (Pl.'s Motion to Remand at 2 (Doc. No. 4).) The Court denied her motion on June 1, 2006, because "the Complaint itself is silent and Plaintiff's interrogatory responses invoked two federal statutes – the Americans With Disabilities Act and the Family and Medical Leave Act." (Order Den. Pl.'s Mot. to Remand (Doc. No. 7).) Next, Plaintiff filed a motion for reconsideration on June 11, 2006 (Pl.'s Mot. for Recons. (Doc. No. 8)), which was denied on November 14, 2006, for failure to argue any facts or theories upon which the Court had not already ruled (Order Den. Pl.'s Mot. to Recons. (Doc. No. 11)).

Thereafter, in accordance with the Court's Order, the parties held a Rule 16.3 conference and submitted a proposed scheduling order. (Joint Report of the LCvR 16.3

Conference and Proposed Scheduling Order (Doc. No. 16).) Pursuant to the Joint Report, *id.*, the parties agreed to defer the commencement of discovery as Plaintiff intended to file a motion to dismiss. On June 15, 2007, Plaintiff filed this motion to dismiss her federal claims.

## II.   DISCUSSION

### A.   Plaintiff's Motion to Dismiss Federal Claims Should be Granted.

Under Federal Rule of Civil Procedure 41(a), Plaintiff may not voluntarily dismiss this action without court approval, *see* Fed. R. Civ. P. 41(a)(1) and (2), because Defendant previously filed an answer on December 1, 2005. The Court, in its discretion, may deny Plaintiff's motion to dismiss. *See New Mexico ex rel. Energy & Minerals Dept., Mining & Minerals Div. v. Dep't of Interior*, 820 F.2d 441, 443 (D.C. Cir. 1987) ("[a] dismissal or a failure to dismiss is reviewable under an abuse of discretion standard" (citing *Conafay v. Wyeth Labs., Div. of Am. Home Prods. Corp.*, 793 F.2d 350, 354 (D.C. Cir. 1986))).

The Court, however, must find cause, such as clear legal prejudice to the defendant or the objection of a party, to justify the denial of a motion for voluntary dismissal. *See Conafay v. Wyeth Labs., Div. of Am. Home Prods. Corp.*, 841 F.2d 417, 419 (D.C. Cir. 1986) ("it is beyond dispute that, to justify the denial of a motion for voluntary dismissal, a district court must find that dismissal will inflict clear legal prejudice on a defendant"), and *Genty v. Gloucester*, 736 F. Supp. 1322, 1326 (D.N.J. 1990) ("[w]here no parties object, the court should allow the dismissal" (citing *Sullivan v. State of N.J., Div. of Gaming Enforcement*, 602 F. Supp. 1216, 1220 (D.N.J. 1985)), *aff'd*, 937 F.2d 899 (3d Cir. 1991). Here, Defendant would suffer no prejudice and does

not object to Plaintiff's voluntary dismissal of her claims. Nevertheless, Defendant does object to Plaintiff's effort to cause a *de facto* amendment of her Complaint to assert state law claims. *See infra.*

### B.   Granting Plaintiff's Motion to Dismiss Federal Claims Will Dismiss Plaintiff's Case in its Entirety.

Plaintiff's Motion is, in essence, a motion for leave to amend her Complaint. Otherwise, the Court's dismissal of her federal claims would leave not one viable cause of action remaining against CCA. Contrary to Plaintiff's assertions, there is no claim which arises under state law currently in this case. Although a district court generally has the discretion to decide whether to retain or remand any state law claims that are supplemental to the dismissed federal claims upon which it had original jurisdiction, *see Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) ("[a] district court may choose to retain jurisdiction over, or dismiss, pendent state law claims after federal claims are dismissed"), there is no supplemental state law claim here with which this Court may exercise such discretion.

While Plaintiff's Complaint alleged both discrimination and harassment in a conclusory fashion, it was silent as to whether her claims arose under federal or state law. Plaintiff's responses to interrogatories, on the other hand, clearly invoked both the federal ADA and the federal FMLA.[1] As a result, her case was removed because her Complaint indisputably alleged solely federal questions. Plaintiff's interrogatory responses did not

---

[1] Plaintiff also has alleged a violation of a collective bargaining agreement ("CBA"). As Plaintiff notes in her interrogatory responses, the CBA provides a grievance procedure. (Def.'s Notice of Removal (Doc. No. 1) Ex. A (Pl.'s Resp. to Def.'s First Set of Interrogs. # 6).) Accordingly, Plaintiff likewise should have utilized that internal remedy if she believed that the collective bargaining agreement was breached. *Local 771, International Union UAW v. Ring Screw Works*, 498 U.S. 168, 172-74 (1990)(a presumption favoring access to a judicial forum is overcome whenever the [employer and the union] have agreed upon a different method for the adjustment of their disputes including those to vindicate uniquely personal rights of employees, such as wrongful discharge.)

identify any other statute, federal or state, or common law doctrine upon which a cause of action for discrimination or harassment might be sustained.

It is disingenuous, therefore, for Plaintiff to instruct this Court that it can retain jurisdiction over claims under the District of Columbia Human Rights Act. (Pl.'s Mot. to Dismiss at 2, and Mem. of P. & A. in Supp. of Pl.'s Mot. to Dismiss at 3-4 (Doc. No. 18).) Based on this Court's previous rulings and Defendant's previous filings, there is no claim whatsoever in this case under state law. As a consequence, since only federal claims exist, the granting of Plaintiff's motion can lead to just one result – the dismissal of the entire action.[2]

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion should be granted and this entire action should be dismissed.

---

[2] While Plaintiff urges the Court to retain jurisdiction over her non-existent state law claims, CCA anticipates that, should the Court grant Plaintiff's request, she will immediately move to remand. As exemplified by her unsuccessful efforts to persuade the Court to remand this case, Plaintiff prefers to have this case heard in Superior Court. The Court should not allow Plaintiff to use a motion to dismiss federal claims as a vehicle for forum shopping. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (U.S. 1988) (finding that district courts should guard against "a plaintiff whose suit has been removed to federal court" and attempts "to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case"), and *Zuurbier v. Medstar Health, Inc.*, 306 F.Supp. 2d 1, 5 (D.D.C. 2004) ("[o]nce a case is properly removed, a plaintiff may not amend the complaint solely to defeat federal jurisdiction"). This is especially true in this case where there is no pendent state claim.

Respectfully submitted,

By: _____
Alison N. Davis
D.C. Bar No. 429700
Dannie Fogleman
D.C. Bar No. 414311

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
(202) 719-2000
(202) 719-2077 (Facsimile)
adavis@fordharrison.com
dfogleman@fordharrison.com

Attorneys for Defendant CCA of Tennessee, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing Defendant CCA of Tennessee, Inc.'s Reply to Plaintiff's Motion to Dismiss to the following via electronic filing, on June 29, 2007:

L. Saundra White, Esquire
3540 Crain Highway #107
Bowie, Maryland 20716

_/s/ Alison N. Davis_
Alison N. Davis

DC:66902.2