**IN THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF COLUMBIA**

**Renita S. Walston Jackson,**

      Plaintiff

      v.

**CCA of Tennessee, Inc.,**

      Defendant

_____

**CIVIL ACTION NO**: <u>1-06-cv-616 (RCL)</u>

<u>**PLAINTIFF RENITA  W. JACKSON'S REPLY TO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO   DISMISS**</u>

**NOW COMES**, Plaintiff Renita Jackson by and through her counsel to reply to

Defendant's Opposition to her Motion to Dismiss only Plaintiff's Federal Claim.

<u>**I.  Argument**</u>

*A.  Defendant erroneously argues that Plaintiff is attempting to amend her complaint
that was filed in the Superior Court for the District of Columbia on August 15, 2007.*

On September 15, 2005,  Plaintiff Renita Jackson filed a timely complaint in the Superior

Court for the District of Columbia.  Plaintiff alleged that she was wrongfully terminated because

Defendant discriminated against her, harassed her and created a hostile work environment

because of her disabilities.  Plaintiff never filed a complaint with the U.S. District Court for the

District of Columbia. Instead, this Court granted Defendant's Request and Notice of Removal.

Plaintiff in her Motion to Remand argued that even though she cited FMLA and ADA, this court

had no jurisdiction to hear her claims because she did not exhaust her administrative claims

under the federal statutes of FMLA and ADA.

Defendant in its Opposition to Plaintiff's Motion to Remand argued that Plaintiff's failure

to exhaust administrative remedies was not a basis for remanding back to the to the Superior

Court for the District of Columbia.  However, Defendant in its' Opposition to Plaintiffs' Motion

to dismiss any alleged claims under FMLA and ADA agrees with Plaintiff that her federal claims

should be dismissed. But Defendants erroneously argue that Plaintiff is attempting to cause a de

facto amendment of her complaint to assert state law claims.  Defendant's position is erroneously

because Plaintiff consistently argued against the removal of her claim based on the same position

that she takes in her motion to dismiss the alleged federal claims.

Defendant also argues that Plaintiffs' complaint alleged solely federal questions.. This

argument is erroneous because this Court removed Plaintiffs' complaint from the State Court

because "Plaintiff's complaint was silent and plaintiff's interrogatory responses invoked two

federal statutes.(*Order Den. Pl's Motion to Remand (Document No. 7*).  Also, Defendant in its

Opposition to Plaintiff's Motion to Remand argues regardless whether ADA and  FMLA are

subsumed in the District of Columbia Human Rights Act,  Plaintiff has asserted claims which

arise under a law of the United States (Defendant's Opposition to Motion to Remand, (*Doc. 6,

pg. 5, 1ˢᵗ paragraph*). Further Defendant in its Opposition to Plaintiff's Motion for

Reconsideration argued that even it there was a meritorious reason to remand the case at this

time, it will eventually make its way back to federal court due to diversity jurisdiction. Thus,

Defendant apparently conceded that there were federal claims and state claims.

Plaintiff is not attempting to amend her complaint because it was Defendant who

removed this matter. Now it  appears that Defendant is asserting  that when the case was

removed from the Superior Court for the District of Columbia only the federal claims were

removed . Defendants attached a copy of Plaintiff's District of Columbia complaint to its Notice

of Removal along with Plaintiff's discovery responses. Also, this complaint is the only complaint

that Defendants responded too.  Thus, this Court has jurisdiction of all claims that can be

reasonably inferred from the complaint. Plaintiff in her Motion to Remand argue that any alleged

federal claims would be dismissed because she did not exhaust her administrative remedies and

only her state claims would remain.

     ***B. Defendant erroneously argues that Plaintiff is attempting to use a Motion to Dismiss federal claims as a vehicle for forum shopping.***

     Defendant in its Opposition to Plaintiff's Motion to Dismiss argues (Fn. 2) argues that

Plaintiff is attempting to use her motion to dismiss as a vehicle for forum shopping.  Defendant's

position is unfounded and they have not asserted any creditable information to support this

assertion.  It appears that it is Defendant who is attempting to forum shop because after all, it was

Defendant who vehemently argue to remove this matter.

     Plaintiff consistently argued that the alleged federal claims had to be dismissed because

Plaintiff did not exhaust her administrative remedies. Defendant failed to pay any attention to this

argument but insisted that Plaintiff's claims were viable in the Federal Court.  Plaintiff also

argues Defendant's Notice of Removal was filed only to delay this matter and that if the matter

was not remanded, this Court should retain jurisdiction of Plaintiff's entire complaint.  Plaintiff

was forced to litigate her claim in the Federal Court . For example, this Court threatened to

dismiss the action because Plaintiff's counsel did not respond to the June 1, 2006 Order to meet

and convene regarding a proposed scheduling Order.

Defendant asserts that if this Court retains jurisdiction over Plaintiff's state law claims then Plaintiff will immediately move to remand.  As Defendant pointed out on numerous occasions in its Opposition, this Court deny all of Plaintiff's Motion to Remand.  Plaintiff has accepted this Court's opinion and wishes only to go forward with her viable state claims and has no intention on filing any further Motions to Remand.

**C. Defendant's Opposition to Plaintiff's Motion to dismiss alleged federal claims does not qualify to dismiss Plaintiff's claims under the District of Columbia Code and Statutes.** .

Defendant did not file a motion to dismiss Plaintiff's complaint in the Superior Court of the District of Columbia.  Also, there is no Order from the Superior Court dismissing Defendant's complaint. Instead, the Defendant decided to forum shop and filed a Notice of Removal.

Fed. R. Civ. P. 12(b)(6) provides that the court must accept the  allegations of the complaint as true, and construe the facts and reasonable inferences derived therefrom in the light must favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472(1977). Also, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only when "it appears beyond doubt that the Plaintiff can prove no set of facts in support of their claims would entitled them to relief."*Marketing Products Management, LLC v. Health and Beauty Direct. Com, Inc.* 333 F. Supp 2d 418 (2004)

Defendants can not use their opposition to Plaintiffs Motion to dismiss only her federal claims as a  Rule 12(b)(6) motion because the requirements for dismiss Plaintiff's state or common law claims  are not present in this matter. Defendants also have never argued that

Plaintiff's complaint was vague or failed to present a claim upon which relief can be granted. For example, Plaintiff argued in her complaint that Defendant discriminated against her, harassed her and created a hostile work environment for her. These claims are actionable. Plaintiff also alleged in her complaint that the Superior Court of the District of Columbia had jurisdiction of her claims.  Also,  Defendant argues in footnote 1 of its Opposition  that the Plaintiffs claim a violation of the Collective Bargaining Agreement even though Plaintiff's complaint does not include this assertion.

During discovery in the Superior Court, Plaintiff provided credible and reliable information to support her claims.  Plaintiff filed her Superior Court action in a timely matter. Thus, Plaintiff's claims based upon the District of Columbia laws and statutes could not be dismissed via a Rule 12(b)(6) motion.  Also, it appears that  Defendant is now asserting  that when it removed Plaintiff's complaint, it only removed her alleged federal ADA and FMLA claims. Discovery in this court will show that Plaintiff exhausted her administrative remedies with respect to her discrimination, disabilities, harassment and hostile work environment under the District of Columbia Human Rights Act (DCHRA) and her violation of leave claims under the District of Columbia Family Medical Leave Act.  Thus, the Court that must decide whether to assume jurisdiction of Plaintiff's entire complaint that includes her state claims or on its' own motion  remand it back to the Superior Court for the District of Columbia.

 Defendants must not be allowed to prevent Plaintiff from being heard or having her day in court with respect to her viable and legitimate claims against CCA. Therefore, this Court must only dismiss Plaintiff's federal alleged claims under the Americans Disabilities Act (ADA) and the Family Medical Leave Act (FMLA) and proceed and allow discovery on Plaintiff's claims

under the District of Columbia code and statutes.


                                        Respectfully submitted



                                        /s/L. Saundra White
                                        L. Saundra White
                                        Federal Bar No:MD012370
                                        3540 Crain Highway, # 107
                                        Bowie, Md 20716
                                        (301) 574-3547
                                        Email: WhiteLegalGrp@aol.com
                                        Attorney for Plaintiff


### CERTIFICATE OF SERVICE


     I  hereby certify that on July 16, 2007,  the Plaintiff's Reply to Defendant's Opposition to

Plaintiff's Motion to Dismiss was filed via email and pacer  to Defendant CCA's Attorneys:

Ford & Harrison, LLP, Attn: Allison N. Davis, Esq. and Dannie B. Fogleman, Esq.,1300 19th

Street, NW, Suite 700, Washington, D.C. 20036.



                         /s/L. Saundra White


                         L. Saundra White, Esq.

**IN THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Renita S. Walston Jackson,** | |
|      Plaintiff | |
| | **CIVIL ACTION NO**: <u>1-06-cv-616 (RCL)</u> |
|   v. | |
| **CCA of Tennessee, Inc.,** | |
|     Defendant | |

__ORDER__

    **WHEREFORE**, it is by this Court this _____day of _____2007 that after a review of Plaintiff's Motion To Dismiss, Defendant's Opposition  and the entire record,  it is

    **HEREBY ORDERED** that

    1.  Plaintiff's Motion to Dismiss the alleged American Disabilities Act and Family Medical Leave Act claims under the federal statues  is **GRANTED**, and

    2.  This Court has jurisdiction to hear Plaintiff's claims and actions under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act.

    3.  Discovery in this matter will be limited to Plaintiffs' claims and issues asserted under the District of Columbia Human Rights Act and the District of Columbia Family Medical Leave Act.

_____<br>
JUDGE

cc:

L. Saundra White, Esq.
3540 Crain Highway, #107
Bowie, MD 20716

Alison N. Davis, Esq.
Ford & Harrison, LLP
1300 19th Street, NW, Suite 700
Washington, D.C.  20036