# Exhibit 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Renita S. Walston Jackson ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION No. 05-0007489 |
| v. ) | Judge Judith Retchin |
| ) | Calendar 14 |
| CCA of Tennessee, Inc. ) | Next Event: Deadline for |
| ) | Discovery Request: March 14, 2006 |
| Defendant ) | |

### PLAINTIFF RENITA S. WALSTON JACKSON'S RESPONSES TO DEFENDANT CCA OF TENNESSEE, INC. FIRST SET OF INTERROGATORIES

**NOW COMES,** Plaintiff Renita S. Walston Jackson by and through her counsel to present her responses to Defendant CCA First Set of Interrogatories.

1. Identify (in accordance with the Definitions and Instructions section) all individuals whom you believe have personal knowledge of and/or are aware of any facts pertaining to the claims or events described in the Complaint and/or your answers to these Interrogatories, whether relating to liability or damages, and describe in detail the knowledge held by each such person.

**RESPONSE:**

a. Dana Bushrod witnessed Defendant's employees including Wardens, supervisor, managers and co-workers harassing Plaintiff and making hostile comments to Plaintiff that were intended to inflict mental anguish toward plaintiff.

b. Carlson Smith was aware of Plaintiff's illness (panic attack syndrome) and witness Plaintiff having a panic attack.

c. Rochelle Vaughn has knowledge relating to the Defendant's discriminatory and retaliatory actions against Plaintiff. Ms. Vaughn also has personal knowledge that Plaintiff was denied union representation and Plaintiff was denied permission to leave the

1

facility after having a panic attack.

d. Nakisha Hearst witnessed several of defendant's employees harass Plaintiff and created a hostile work environment for Plaintiff. Ms. Hearst also witness Sadie Mckoy treat Plaintiff different because of her disability (panic attack syndrome). Ms. Hearst has personal knowledge that Ms. Mckoy withheld a reservation call from the Plaintiff in order to sabotage Plaintiff's work schedule.

e. Reginald Jackson witnessed and overheard Warden Figuora making inappropriate comment regarding Plaintiff. Mr. Jackson also witnessed Plaintiff having a panic attack and has knowledge that Defendant treated Plaintiff differently because of her disability and other illness.

f. Carolyn Walston- witnessed Defendant's employees harass Plaintiff and observed Defendant's employees creating a hostile work environment for plaintiff. Carolyn Walston also has knowledge that Defendant treated Plaintiff differently because of her disability and other illness.

2. State the name and address of each and every person whom you expect to call to testify as an expert witness at trial and, as to each, state their qualifications to testify as an expert witness; the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion.

RESPONSE: Dr. Florentino Loya will serve as Plaintiff's expert witness and will discuss Plaintiff's disability (panic attack syndrome). Address: 6400 Marlboro Pike Forestville, MD 20747.

3. Set forth in detail all facts that you believe support and/or relate to your contention in the Complaint, that you suffered "2 years of discrimination (difference in

2

treatment) and Harassment," including the date and location of the alleged discrimination or harassment and the identities of all persons witnessing, engaging in, or otherwise having personal knowledge of the alleged discrimination or harassment.

RESPONSE: Plaintiff was treated differently by Jacky Smith. Jacky Smith treated Plaintiff differently after Plaintiff made her aware of her pregnancy and her disability (panic attack syndrome) and Plaintiff's injuries as a result of an automobile accident. Ms. Smith hid documents from Plaintiff, yelled and cursed at Plaintiff, moved Plaintiff from the office and placed a lockout key in the office door. Ms. Smith interfered with Plaintiff's job duties by keeping important files and contractor's summers from Plaintiff in an attempt to prevent Plaintiff from doing her job. Ms. Smith also made threats to Plaintiff and indicated to Plaintiff that she would get rid of Plaintiff because Plaintiff was not sick and she did not have a disability.

Warden Douglas failed to accommodate Plaintiff's illnesses by refusing to let Plaintiff leave or take leave because of her illness and disability. Warden Douglas also made false allegations against Plaintiff and made false PSN statements. Warden Douglas also directed Manager L. Matthews to make a false statement in a PSN Report and Douglass made insults to Plaintiff on several occasions.

4. Describe in detail each and every occasion on which you complained to and/or spoke with management about the alleged harassment or discrimination, including in your response the identity of the person(s) to whom you complained, the date on which any such conversation occurred, the location of any such conversation, the substance of the statements made by you and management, and the identities of any other persons participating in or witnessing any such conversation.

RESPONSE: From January 2003 thru September 2004 Plaintiff presented several incident reports and memorandums to Defendant regarding Supervisor Jacky Smith and Jacky Smith's retaliatory actions toward her after the reports. Plaintiff also wrote incident reports regarding Warden

3

Douglass ethical violation and Warden Douglass retaliatory actions against Plaintiff after her reports. **(Exhibit A)**

Plaintiff also requested sick leave under FMLA for her illness as a result of her pregnancy and miscarriage and for her medical problems that she sustained during an automobile accident. Plaintiff also requested leave under ADA for permission to seek medical care for her disability (panic attack syndrome) and to leave Defendant's facility when she had a panic attack. **(Exhibit B)**

Defendant failed to accommodate Plaintiff under FMLA or ADA but wrote her up and denied her medical leave for the days that she missed for her pregnancy, miscarriage, injuries resulting from an automobile accident and for her disability (panic attack syndrome) even though Plaintiff provided medical certifications for her illness and disability (panic attack syndrome). **(Exhibit C)**

Plaintiff also submit complaints and incident reports to Defendant regarding the harassment and hostile work environment that was created by Defendant and its' employees. **(Exhibit D)**

Plaintiff also complained to Defendant regarding the disparate and discriminatory treatment she received because of her illness and disability. **(Exhibit E)**

Plaintiff further complained to Defendant regarding Defendant's violation of it's' collective bargaining agreement since it failed to follow the provisions of the CBA and terminated Plaintiff's employment. **(Exhibit F)**

5. Set forth in detail all facts that you believe support and/or relate to your contention in the Complaint that you were wrongfully terminated including the identities of all persons witnessing, engaging in, or otherwise having personal knowledge of the alleged wrongful termination.

RESPONSE: Plaintiff was wrongfully terminated because Plaintiff did not fail to follow a directive from a Warden, Supervisor or Manager. Plaintiff also was wrongfully terminated because Plaintiff's conduct on July 19, 2004 did not constitute misconduct or wrongful misconduct. See Response to

4

Question No. 4. The following persons have personal knowledge of Plaintiff's wrongful termination:

a.  Nakisha Hearst

b.  Acra Johnson

c.  Officer Alphonso Ashmead

d.  DeBorah Carson-Smith

e.  Walton Fulton

f.  Dana Bushrod

g.  Makea Barton

h.  Fred Figueroa

i.  Rochelle Vaughn

j.  Reginald Jackson

k.  Carolyn Walston

l.  Marquita Williams

6.    Set forth in detail the basis for your contention in the Complaint that "CCNCTF, Warden Fred Figueroa & Charles Martin breached the Union contract & agreement."

RESPONSE: Warden Fred Figueroa and CCA's Director failed to follow the mandated grievance procedure in accordance with the Collective Bargaining Agreement prior to terminating the Plaintiff.

5

(See Exhibit F)

7. If you have consulted and/or treated with any medical doctor, physician, psychiatrist, therapist, or other healthcare professional as a result of the allegations set forth in your Complaint, identify each such health care provider and state: (a) the date(s) on which you consulted the health care professional; (b) the reason for seeking such treatment; and (c) the date on which you ceased to be under the care of such health care professional.

RESPONSE:

**Health Providers**
Prince Georges Hospital Center
Riverside Primary Care of District Heights
Metropolitan Washington Orthopedic Ass.
Dr. Jong S. Lee
Dr. Jalal A. Saied
Dr. Florentino N. Loya

See Exhibit B for dates of treatment, reason for treatment and the date that the treatment ended

8. Describe with particularity all damages which you contend you suffered as a result of the acts alleged in the Complaint, including in your response the dollar amount claimed for each alleged injury, a description of the method or formula used to calculate the damages claimed in your Complaint, and the total amount of attorneys' fees and costs incurred as a result of this matter.

**RESPONSE:**

| | |
|---|---|
| Lost Wages | $ 50,000.00 |
| Injury to reputation and character | $ 80,000.00 |
| Financial Lost | $ 200,000.00 |
| Physical & Mental Pain & Suffering | $ 3,500,000.00 |
| Estimated Attorney's Fees and cost : | $   35,000.00 |
| Total estimated Damages | $ 3,855,000.00 |

6

9. Describe with particularity all efforts made and/or steps taken by you to mitigate any damages, whether physical, emotional, or monetary, which you contend you suffered as a result of the acts alleged in the Complaint.

RESPONSE:

Plaintiff has applied for various jobs in attempts to gain meaningful employment. Plaintiff has also borrowed money from family members to support her minor child, provide housing, medical treatment and medical supplies, food and clothing and other basic necessities to survive. Plaintiff also sought unemployment benefits and attempted to negotiate with Defendant to get her job back.

10. Identify (in accordance with the Definitions and Instructions section) all individuals who have given you signed or recorded statements regarding the claims or events described in the Complaint and/or in your answers to these Interrogatories.

RESPONSE: The following persons have provided statements to me regarding the claims and events described in the Complaint.

1. Captain Tate
2. Nakisha Hearst
3. Rochelle Vaughn
4. Carolyn Walston
5. Dana S. Bushrod
6. Christopher Golson
7. Marea R. Barton
8. Sadie McCoy
9. Alphonso Ashmeade

7

11.     If you have been a complaining party in any other claim for discrimination, breach of contract, wrongful termination, and/or unpaid wages, identify the person or entity against whom the claim was made; the date of filing of the claim or suit; the court or agency with which the claim or suit was filed; the docket number, case number, or file number of the claim or suit; the date, place, and nature of the occurrence giving rise to the claim or suit; and the final disposition of the claim or suit.

RESPONSE: Plaintiff has not been involved in any other claim for discrimination, breach of contract, wrongful termination and/or unpaid wages.

12. If you have ever been convicted of, charged with, and/or arrested for any crime constituting a felony or involving dishonesty, fraud, or deceit, state the jurisdiction in which the conviction, charge, or arrest occurred and any sentence or punishment imposed as a result of such conviction, charge, or arrest, including, but not limited to, incarceration, community service, fines, or court-ordered counseling or treatment.

RESPONSE: NO.

13.     Identify (in accordance with the Definitions and Instructions section) in detail all documents, statements, and/or conversations that you contend constitute an admission against interest by CCA concerning the allegations set forth in the Complaint.

RESPONSE: Defendant communicated Plaintiff's confidential disability (panic attack syndrome) to other employees and this communication caused other employees to make derogatory and harassing statements to Plaintiff regarding her disability. See Also **Exhibit G**

8

14. Identify (in accordance with the Definitions and Instructions section) all documents in your custody or control, or of which you have knowledge, which relate to and/or support your answer to these Interrogatories and/or on which you relied in preparing your answer to these Interrogatories. In lieu of identification, you may produce documents for inspection and copying.

RESPONSE: **See Exhibit H.**

15. Identify (in accordance with the Definitions and Instructions section) all documents in your custody or control, or of which you have knowledge, which you contend support, contradict or relate to any of the allegations set forth in your Complaint. In lieu of identification, you may produce documents for inspection and copying.

RESPONSE: **See Exhibits A-H**

9

I, <u>Renita S. Walston Jackson</u> affirm that the information given in my responses to Defendant's Interrogatories are true, accurate and complete to the best of my knowledge and belief.

_____　　　　　　　　3/4/06
Renita S. Walston Jackson　　　　　　　　　　　　Date

　　　　　　　　　　　　　　　　　　　　Respectfully submitted

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　L. Saundra White
　　　　　　　　　　　　　　　　　　　　D.C. Bar No: 4463929
　　　　　　　　　　　　　　　　　　　　3540 Crain Highway, #107
　　　　　　　　　　　　　　　　　　　　Bowie, MD 20716
　　　　　　　　　　　　　　　　　　　　(301) 538-2158
　　　　　　　　　　　　　　　　　　　　Attorney For Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March 2006, a copy of Plaintiff's Responses to Defendant's Interrogatories were mailed first class to Defendant's Counsel, Dannie B. Fogleman, Ford & Harrison, LLP, 1300 19rh Street, NW, Suite 700, Washington, D.C. 20036.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　L. Saundra White