# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Renita S. Walston Jackson,** | |
| Plaintiff | **CIVIL ACTION NO:** <u>1-06-cv-616 (RCL)</u> |
| v. | |
| **CCA of Tennessee, Inc.,** | |
| Defendant | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW COMES**, Plaintiff Renita Walston Jackson by and through counsel to present her response to Defendant CCA of Tennessee, Inc. request for production of documents.

1. All documents, exhibits, and/or tangible pieces of evidence which Plaintiff intends to rely upon and/or introduce at any deposition or trial in this case.

   **RESPONSE:** Plaintiff previously provided documents, exhibits, etc. to Defendant. Currently, Plaintiff has not completed her List of Documents that she will introduce at trial. However, Plaintiffs documents will be listed in any and all Pre-Trial Statements.

2. All calendars, day-timers, appointment books, journals, diaries, notes, notebooks, and other such documents which Plaintiff kept from January 1, 2002 to the present.

**RESPONSE:** Plaintiff previously provided the documents requested and any **additional** calendars, day-timers, appointment books, journals, diaries, notes, notebooks, and other such documents which Plaintiff kept from January 1, 2002 to the present will be presented to Defendant which Plaintiff locates such documents.

3. Any document which Plaintiff wrote which was in Plaintiff's possession, custody, or control (including, but not limited to, any and all diaries, appointment books, calendars, expense account records, reports, notebooks, notes, or other memoranda) which may be used by Plaintiff to remember any events related to any facts alleged in the Complaint.

**RESPONSE: See Response in Request No. 2.**

4. Any and all bills, invoices, statements, test results, patient files, correspondence and prescriptions from any health care provider, mental health counselor, therapist, counselor, social worker, or anyone else Plaintiff has seen, visited, consulted with, or been treated by for any physical or mental injury or condition, mental or emotional distress, or pain and suffering which Plaintiff claims to have suffered because of the events alleged in the Complaint.

**RESPONSE: Plaintiff has previously provided this information to Defendant and she will present any additional information that she locates.**

5. Any and all documents, bills, invoices, statements, test results, patient files, correspondence and prescriptions from any health care provider, mental health counselor, therapist, counselor, social worker, or anyone else Plaintiff has seen, visited, consulted with, or been treated by, for any physical or mental injury or condition, mental or emotional distress, or pain and suffering within the last five (5) years.

**RESPONSE: See Response to Request No. 4.**

6. All documents relating or referring to your attempt to seek employment since the cessation of your employment relationship with CCA, including but not limited to applications tendered, resumes, letters of hiring or rejection of employment, pre-screening and preemployment testing information, and contracts with employment agencies.

**RESPONSE: Objection. The information requested is privilege and confidential. However, without waving this objection, Plaintiff has previously produced her resume and a list of companies that she sought employment with after Defendant terminated her employment in September 2004.**

7. All documents relating or referring to money which you contend you had to borrow from family members to support your minor child, provide housing, medical treatment and medical supplies, food and clothing and other basic necessities to survive following your termination from employment with CCA.

**RESPONSE: Objection. The documents requested are privileged and confidential. However, without waiving this objection, See <u>Exhibit 1</u>**

8. All W-2's, 1099's, pay checks, pay stubs, and/or other documents evidencing any sums of money received by you from any source since July 21, 2004.

**RESPONSE: Plaintiff is in the process of locating this information and will provide documents to Defendant upon discovery of documents.**

9. All documents which support your response to Interrogatory No. 8 of CCA's First Set of Interrogatories that you have lost wages in the amount of $50,000.00.

**RESPONSE: Defendant terminated Plaintiff in September 2004. The lost wage calculation was derived by calculating Plaintiff's salary(and anticipated salary increases) at CCA by 2 yrs (2004-2006= 2). Currently, the lost wage salary is greater because it has now been 3 years and 2 months since Defendant terminated Plaintiff's employment. The exact wage salary lost will not be calculated until the trial in this matter is held. Defendant has this information in their possession.**

10. All documents which support your response to Interrogatory No. 8 of CCA's First Set of Interrogatories that you are entitled to $80,000.00 for injury to reputation and character.

> **RESPONSE: Defendants has defamed Plaintiffs reputation and character by intentionally and falsely alleging that she was insubordinate and was involved in misconduct during her employment. Defendant's slanderous and libel statements caused Plaintiff to receive reduced unemployment compensation, Plaintiff lost several employment opportunities and currently, she is unable to obtain any clearance to either work for the Federal Government and any state government or municipality or work under a federal government contract. Defendants have evidence of its Defamation of Plaintiff in their possession.**

11.   All documents which support your response to Interrogatory No.8 of CCA's First Set of Interrogatories that you have suffered a financial lost in the amount of $200,000.00.

Response:   See **Exhibit 2**

12.   An documents which support your response to Interrogatory No.8 of CCA's First Set of Interrogatories that you have suffered physical and mental pain and suffering in the amount of $3,500,000.00.

> **RESPONSE: Plaintiff has previously provided any and all information pertaining to her physical, mental pain and suffering that is required under the D. C. Human Rights Act, State and Federal employment and labor laws. Also, Defendant has been placed on notice that Plaintiff has requested a jury trial with respect to all her**

**claims.**

13. All documents reflecting the amount of attorneys' fees and costs incurred by Plaintiff as a result of the acts alleged in the Complaint.

> **RESPONSE:** Objection. Attorney/Client Privilege. However, without waiving this objection, Plaintiff will provide documents reflecting the amount of attorneys' fees and costs she incurred only upon a Court Order or a Statutory Award of Attorneys Fees.

14. All documents constituting, recording, reflecting, and or relating to unemployment compensation benefits which Plaintiff received from July 21, 2004 to the present.

> **RESPONSE: Currently, Plaintiff is attempting to locate these documents and will provide the documents when she locates such documents.**

Respectfully submitted

*/s/ L. Saundra White*
L. Saundra White,
Federal Bar # MD012370
3540 Crain Highway, #107
Bowie, Md 20716
(301) 574-3547
(240) 455-6491(Fax)
E-mail: WhiteLegalGrp@aol.com
Attorney for Renita W. Jackson

## PLAINTIFF'S LIST OF BORROWED FUNDS

| DATE | AMOUNT BORROWED | LENDER |
|---|---|---|
| 2004 | $ 10,000.00 | Parents |
| 2005 | $ 5,000.00 | Uncle |
| 2006 | $ 10,750.00 | Parents |
| 2006 | $ 2,500.00 | Aunt |
| 2006 | $ 500.00 | Aunt |
| 2007 | $ 10,000.00 | Parents |
| 2007 | $ 1,500.00 | Uncle |
| 2008 | $ 1,000.00 | Aunt & Uncle |

Current
Total Funds Borrowed   $41,250.00

**EXHIBIT 1**

## PLAINTIFF'S FINANCIAL LOST CALCULATION

| DATE | ITEM LOST | FMV OF ITEM LOST |
|---|---|---|
| 2004 | Bedroom furniture | $ 5,500.00 |
| 2004 | Living Room Furniture | $ 3,500.00 |
| 2004 | Family Photos | irreplaceable |
| 2004 | Child Bedroom furniture | $ 2,950.00 |
| 2004 | Jewelry | $ 15,000.00 |
| 2004 | Dining Room Furniture | $ 4,350.00 |
| 2004 | Paintings/Artwork | $ 580.00 |
| 2004 | Leather coats/Purses | $ 3,800.00 |
| 2004 | Girl's clothing/toys, Bicycles | $ 20,500.00 |
| 2004 | Women's Clothing/ Accessories | $ 60,000.00 |
| 2004 | computer/printer/scanner | $ 8,200.00 |
| 2004 | Bookcases/Desk | $ 850.00 |
| 2004 | TVs, Radio/DVD/stereo | $ 3,100.00 |
| 2004 | Household furnishing | $ 2,350.00 |
| 2004 | *Apartment Lease | $ 24,000.00 |
| 2004-2008 | *Credit worthiness | $ 50,000.00 |
|  | Current Financial Loss | $ 204,680.00 |

*Plaintiff had a stabilized rent control rental lease in which she paid $500.00 per month and rental payments would have remained at $500.00 for at least five years. Thus, Plaintiff lost the opportunity for rental agreements totaling $6,000.00 yearly (2004-2008 = 4 yrs x 6,000.00 = $24,000.00. However, because Plaintiff was evicted she was barred from obtaining another stabilized rental.

* Prior to Defendant terminating Plaintiff's employment, Plaintiff had credit scores between 750-780. After the termination of her employment, Plaintiff credit scores dropped and currently are between 400-500. Plaintiff's diminished credit scores has made it difficult for her to obtain any consumer goods on credit. Thus, Plaintiff has been forced to pay larger interest rates for items that she obtains on credit and from 2004-2008 Plaintiff has lost an estimated $50,000.00 due to increased interest rates and finance charges.

**EXHIBIT 2**