IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENITA WALSTON JACKSON** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **CIVIL ACTION NO: 1:06-cv-616-RCL** |
| ) | |
| **CCA OF TENNESSEE, INC.** ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF RENITA W. JACKSON OPPOSITION TO DEFENDANT CCA'S MOTION TO COMPEL DISCOVERY

**NOW COMES** Plaintiff Renita W. Jackson by and through her counsel to oppose Defendant CCA's Motion to Compel Discovery and Defendants request for sanctions. Defendants seek to compel discovery on the grounds that Plaintiff provided evasive and incomplete responses to questions during her deposition on March 3, 2008 and alleges that Plaintiff has lodged improper objections to deposition questions and documents which Defendant obtained by issuing subpoenas duces tecum.

Plaintiff opposes Defendants Motion to Compel because:

(1) Defendants motion is untimely and Defendant filed this Motion before attempting in good faith the disclosure or discovery without court action.

(2) Plaintiff denies that her responses to Defendant's questions during her deposition on March 3, 2008 were evasive and incomplete.

(3) Defendant has not been denied access to relevant information or to any relevant

information which could lead to the discovery of admissible evidence.

(4) Defendant's only purpose in requesting this Court to reopen discovery is to harass and humiliate Plaintiff and to continuously delay this matter .

(5) Defendant has not presented proper grounds to continue discovery in this matter because Defendant abruptly ended the deposition on March 3, 2008 and should not be allowed to reopen this matter to harass Plaintiff and to delay this matter.

**WHEREFORE**, Plaintiff prays that this Court will deny Defendants' Motion to Compel Discovery and Request for Sanctions.

                         Respectfully submitted,

/s/ *L. Saundra White*
L. Saundra White,
Federal Bar # MD012370
3540 Crain Highway, #107
Bowie, Md 20716
(301) 574-3547
(240) 455-6491(Fax No)
E-mail: WhiteLegalGrp@aol.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENITA WALSTON JACKSON** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 1:06-cv-616-RCL |
| ) | |
| **CCA OF TENNESSEE, INC.** ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF RENITA WALSTON JACKSON 'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT CCA'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS**

**I. BACKGROUND INFORMATION**

Plaintiff Renita Walston Jackson filed a pro se complaint in the District of Columbia Superior Court on September 12, 2005.  Plaintiff retained counsel on March 4, 2006. Defendant removed this matter to this Court on March 4, 2006.  Plaintiff alleges that Defendant CCA discriminated, retaliated,  harassed, and created a hostile work environment for her in violation of the D.C. Human Rights Act.   Plaintiff further alleges that Defendant failed to accommodate her disability (panic attacks) in violation of the D. C. Human Rights Act and harassed her and or failed to accommodate her by failing to grant her leave for her illness (panic attacks, pregnancy, and injuries she sustained during an automobile accident) in violation of the D.C.  Family Medical Leave Act..

On November 29, 2007, Plaintiff requested discovery be extended until February 28, 2008.  Plaintiff received notice on November 20, 2007 that Defendant had scheduled her

deposition for November 29, 2007. Plaintiff was unable to attend the deposition because she was going out of town on the scheduled date. Defendant deposed Plaintiff on January 11, 2008. Prior to the beginning of the deposition, Plaintiff informed Defendant that her child had taken ill and she had to leave the deposition at 3:00 p.m. However, Defendant ended the deposition at 2:25 pm. Defendant rescheduled Plaintiff's deposition for January 25, 2008. On January 24, 2008, Plaintiff's counsel informed Defendant that Plaintiff would be unable to attend the January 24, 2008 deposition because she was ill.

On January 24, 2008, Plaintiff's Counsel received faxed copies of subpoenas that Defendant served on Plaintiffs' healthcare providers. Even though Plaintiff had provided copies of her medical records that pertained to her medical care treatment for the relevant time period, Defendant's subpoena requested Plaintiff's entire medical records/history from her health care providers.

Plaintiffs counsel immediately contacted Defendant's counsel. However, Defendant's counsel was not available. However, Plaintiff's counsel left a message and requested Defendant's counsel to contact her immediately. Plaintiff's counsel also indicated to Defendant that she would file a motion to quash the subpoena because the information requested was privileged information and Plaintiff had not executed a release to allow Defendant to obtain the privileged I information. Defendant's counsel did not make a return telephone call to Plaintiff's counsel. However, on January 25, 2008, Defendant submitted an email and attempted to transcribe Plaintiff's voicemail. Defendant's counsel intentionally distorts Plaintiff's counsel voice mail when she erroneously states that Plaintiff's counsel continuously stated "um" in her voice mail.

Also, Defendant's counsel's email for the first time stated the alleged authority for

issuing the subpoenas on Plaintiff's healthcare provider. Defendant's counsel cited MD. Code §4-306 as the alleged authority for issuing the subpoenas and obtaining the documents without Plaintiffs' consent. On January 28, 2008, Plaintiff's counsel informed Defendant's counsel that Md. Code §4-306 did not provide Defendant with the authority to subpoena Plaintiff's entire medical files without her consent.  Plaintiff's counsel informed Defendant that Plaintiff would not execute any release to obtain Plaintiffs' entire medical files because Plaintiff provided the applicable information and would provide any additional information pursuant to a discovery request from Defendant. Also, on January 28th, Plaintiff informed Defendant that Plaintiff objected to all the subpoenas that were served on the health care providers. **(Exhibit 1)**.

Plaintiff received Defendant's second request for production of documents and request for admissions on January 28, 2008. Plaintiffs responses to Defendant's discovery request was mailed to Defendant on February 22, 2008.  Plaintiffs provide her First Set of Interrogatories and Request for Production of Documents to Defendants on January 7, 2008.  Defendant made untimely, evasive and incomplete responses to Plaintiffs' discovery request and failed to produce some documents pursuant to Plaintiffs' Request for Production of Documents.  On February 15, 2008, Plaintiff's counsel informed Defendant's counsel that Plaintiff was going to conduct various depositions including Defendant's Human Resource Manager, Rhonda Williams. Defendant's counsel stated that Rhonda Williams had been out of the office since February 11, 2008 and would return on Monday February 25, 2008.  On February 16, 2008, a subpoena was served at Defendant's Washington, D.C. office for Rhonda Williams. Ms. Williams deposition was scheduled for February 26, 2008. Also, on February 15, 2008, Plaintiff mailed copies of the Schedule of Depositions and copies of the subpoenas to Defendant's counsel.

On February 22, 2008, Plaintiff's counsel telephoned Defendant's counsel to

confirm that Rhonda Williams' attendance at the deposition. Defendant's counsel was unavailable but Plaintiff's counsel faxed another copy of the deposition schedule to Defendant's counsel. On Monday, February 25, 2008, Plaintiff's counsel again contacted Defendant's counsel. Defendant's counsel indicated that she was unable to contact Rhonda Williams and therefore, Ms. Williams' would be unable to attend the deposition.

Plaintiff scheduled the deposition of four witnesses including Rhonda Williams for February 26, 2008. All of the witnesses complied with the subpoenas and attended their scheduled deposition except Rhonda Williams.

On Friday, February 29, 2008, Defendants' courier delivered a copy of the subpoena documents to Plaintiffs. The documents consisted of Plaintiffs' entire medical records that expanded well over ten years and the documents from Kelly services were apparently faxed to Defendant. Also, the documents included records that had no relevance to Plaintiffs' claims against Defendant. After reviewing the documents, Plaintiffs' counsel emailed notice to Defendants' counsel that Plaintiff was going to file a Protective Order regarding the privileged documents. On Monday, March 3, 2008, Plaintiff attended the scheduled deposition at Defendant's counsel office and proceeded to answer Defendant's questions to the best of her ability. Within approximately an hour and half after the deposition begun, Defendant's counsel abruptly terminated the deposition.

## II. ARGUMENT

*A. Defendants' Motion to Extend Discovery disguised as a Motion to Compel Discovery should be denied because Defendant failed to file a timely motion to extend the time for discovery and depositive motions in accordance with Federal Civ. Pr. Rule 6(b)(1).*

Fed. R. Civ. P. 16(b) provides that scheduling orders are controlling and the parties are bound by those deadlines. Federal Civ. Pro. Rule 6(b) (1) provides that the Court for *cause shown* may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period.

On November 29, 2007, Plaintiffs filed a consent motion to extend the time for discovery. This Court granted Plaintiff's motion to extend discovery in March 2008. Also, in March 2008, this Court ordered that dispositive motions were due on April 11, 2008.

Defendant filed its Motion to Compel and extend discovery on March 13, 2008 ( thirteen days after discovery ended and ten days after Plaintiff's March 3, 2008 deposition). Defendant argue that discovery must be reopened because Plaintiff allegedly provided evasive and incomplete responses to questions during her deposition on March 3, 2008 and Plaintiff lodged improper objections to deposition questions and documents which Defendant obtained by issuing subpoenas duces tecum.

Discovery was extended from November 30, 2007 until February 28, 2008. Defendant had ample time to depose and request production of documents from Plaintiff even though Plaintiff became ill and was unable to attend the January 25, 2008 deposition. Defendant had well over one month to depose Plaintiff. Plaintiff even consented to Defendant's March 3, 2008 deposition even though this date was outside the discovery period. Defendant obtained all the

documents it requested from Plaintiff even privileged documents from third-parties. Therefore, because Defendant failed to file its Motion to Compel and to Extend Discovery prior to the expiration of the discovery period, its Motion to compel and request to extend the discovery period should be denied.

Federal Civil Procedure Rule 16(b) provides that a schedule order shall not be modified except upon a showing of good cause or excusable neglect and by leave of the district judge or, when authorized by local rule, by a magistrate judge. Courts interpret the "excusable neglect" exception very narrowly. In *Pioneer Investment. Services Co. v. Brunswick Associates Ltd.. Partnership*, 507 U.S. 380 (1993) the United States Supreme Court provided guidance for determining what sorts of neglect will be considered "excusable" under Rule 60(b)(1). The court stated that "the determination is at bottom an equitable one, taking into account all of the relevant circumstances surrounding the party's omission." These circumstances include the following four factors: (1) the danger of prejudice to the party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*Julian v. Equifax Check Services, Inc*. 178 F.R.D. 10 (1998) held that the good cause stand is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party.

In this matter, Defendant does not even attempt to show cause, excusable neglect or indicate that they were diligent. For example, Defendant only attempts to provide its rationale for reopening discovery and fails to provide any explanation for its failure to file its motion to reopen

discovery prior to the discovery deadline. Instead, Defendant alleges that Plaintiff provided evasive and incomplete responses to questions during her deposition on March 3, 2008. Also, it was Defendant who cancelled the March 3, 2008 deposition only after Defendant realized that her harassing, abusive and intimation tactics were not successful.

Plaintiffs answered Defendant's deposition questions to the best of her knowledge and belief. Defendants are in possession of a mountain of documents and statements that support Plaintiff's claims. It also appears that Defendant are intentionally causing delay in this matter to increase the legal fees of Plaintiff. Defendant have not presented any evidence that supports their allegations that the Plaintiff's responses were evasive and incomplete. Also, it appears that any scheduled depositions scheduled by Defendant will be an attempt to harass , humiliate and embarrass the Plaintiff. It further appears that because Defendant has been unable to impeach or intimate Plaintiff, it has resorted to filing frivolous motions to compel alleging that Plaintiff's deposition responses were evasive and incomplete responses to questions even though Defendant has failed to any credible or competent evidence verifying these allegations.

Plaintiff will be severely prejudiced if this Court reopens discovery for an additional 60 days because of the continuing legal fees and other costs. Also, Defendant is not acting in good faith with respect to requesting an additional 60 days to depose Plaintiff because the rules of this court only allow a maximum of seven (7) hours to depose a party.

The Federal Rules of Civil Procedure provides that extension motions or motions to modify the scheduling orders after the expiration of the time period can not be granted by any Court unless the Defendant shows cause or excusable neglect. Plaintiffs can not afford to continue to appear for depositions where the Defendant's motive is to only harass, humiliate and embarrass Plaintiff. Therefore, because the defendant has failed to show cause or display

excusable neglect, its motion to reopen discovery for an additional 60 days to continue Plaintiff's deposition.

**(B) *Defendant has failed to show by clear and convincing evidence that Plaintiff provided evasive and incomplete responses to questions during her deposition on March 3, 2008*.**

In accordance with FRCP, Rule 30(2), a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or present a motion under Rule 30 (d)(3).  A Motion to Compel must be denied if the movant filed the motion before attempting in good faith to obtain the disclosure of discovery without court action. FRCP, Rule 37(5)(A)(I).

In this matter, Defendant argues that Plaintiff provided evasive and incomplete responses to questions during her deposition on March 3, 2008.  For example, Defendant asserts that Plaintiff objected to providing additional information regarding her search for employment after her employment with CCA terminated and failed to identify relatives and the amount of money which she allegedly was forced to borrow from them as a result of her employment termination. Defendant further asserted that Plaintiff would not even provide information regarding one of her health care providers and refused to provide any information regarding her primary care physician, Dr. Poydras.  Defendant argues that Plaintiff resisted CCA's efforts to elicit information relating to her marriage and her husband's knowledge of the case.

Defendants assertions are simply erroneous.  The March 3, 2008 transcripts clearly shows that Plaintiff disclosed information relating to Dr. Poydras. For example, even though Plaintiff stated that information relating to Dr. Poydras was personal and confidential information, Plaintiff disclosed the following: (1) Dr. Poydras was her primary care physician (03/03/08

Transcript, pg.141, lines 9,11,and 13-14); (2) Plaintiff was not sure on whether Dr. Poydras had her own private practice (( 03/03/08 Transcript, pg.141, line 19-22); (3) Dr. Poydras's office was located in Greenbelt (( 03/03/08 Transcript, pg.142, line 5); and (4) Dr. Poydras treated Plaintiff for not only panic attacks but also provided primary medical care( 03/03/08 Transcript, pg.144, lines 2-5 , 9-11 and 14).  There is no information in the March 3, 2008 transcript that shows that Plaintiff refused to provide information regarding her primary care Physician as alleged by Defendant.

     Defendant never presented any questions to Plaintiff regarding her husband's knowledge of the case.  However, Plaintiff answered the questions presented to her regarding her husband. During the March 3, 2008 deposition, Plaintiff disclosed the following: (a) Plaintiff is married to Reginald Jackson (Transcript, pg 143, line 16 and 18); (b) Plaintiff's husband is employed with CCA (Transcript, pg 143, line 16 and 18); ( c) Plaintiff's husband has health insurance through CCA and Plaintiff is on her husband's health insurance policy (Transcript, pg 143, line 20, pg 144, lines 1, 3, and 6); and (d) Plaintiff got married in September 2005 (Transcript, pg 144, lines 15, 17, and 19).   The only other ambiguous question relating to Plaintiff's husband knowledge of the case occurred when Defendant presented the following ambiguous and leading question to Plaintiff: "You haven't spoken to your husband about this case" (Transcript, pg 164, lines 17-18). Plaintiff responded by saying I don't think I should have to ask any questions pertaining to my marriage, which is private (Transcript, pg. 163, lined 19-21).  Thus, Plaintiff's responsive was not evasive and  can not be interpreted as she refused to answer.  Instead, Defendant should have specifically reformatted her question to simply asked Plaintiff what knowledge did Plaintiff's husband have regarding this case.  The March 3, 2008 transcript does not show any other questions propounded to Plaintiff that directly  relates to Plaintiff's husband knowledge of the

case.

Defendant 's assertions that Plaintiff objected to providing additional information regarding her search for employment after her employment with CCA terminated are erroneous. During the March 3, 2008 deposition, Plaintiff's attorney objected to the line of questioning relating to BT because Plaintiff never provided Defendant with any information relating to BT(Transcript, pg161, lines 16-19). Also, Plaintiff's counsel stated that the BT information was illegally obtained from Kelly Services without Plaintiff's authorization (Transcript, pg 161, lines 21-22 and pg. 162, line 1). Defendant never requested Plaintiff to providing additional information regarding her search for employment after her employment with CCA was termination. Also, even though Plaintiff's counsel objected to the line of questioning regarding BT, Plaintiff answered the questions disclosed to Defendant that the position with BT Health Care Services was a medical orientated position, she only worked there for a short time and did not recall the time frame. Instead, Defendant failed to answer any further questions regarding BT (Transcript, pg. 160, lines 7,9,12,14,16,21-22, pg. 161, lines 3,8,10 and 13).

Defendant indicated in footnote 12 of their Motion to Compel that Plaintiff did not provide an explanation for her failure to disclose her employment with BT in response to Defendant's Interrogatory No. 9 or at her deposition on January 11, 2008. However, Defendant never made an inquiry into this matter during the March 3, 2008 deposition and never requested Plaintiff to explain why she did not disclose her employment with BT. Defendant can not now file a Motion to Compel for information that she never requested prior to the filing of her motion.

Defendants assertions that Plaintiff refused to provide additional information regarding the $41,250.00 which she allegedly had to borrow from relatives due to her termination are

erroneous. For example, Plaintiff provided a chart to Defendant that indicated the amount of funds and source of funds to Defendant. This information was mailed to Defendant on February 22, 2008. Thus, Defendant assertion that they received the information on Sunday, March 2, 2003 is erroneous because Defendant should have received the information long before March 2, 2008 and it is highly unlikely that the U. S. Post office delivered mail to Defendant on a Sunday.

Defendants attempted to solicit information from Plaintiff regarding the identity of her relatives that provided the borrowed funds. Plaintiff explained to Defendant that she used the funds as ordinary and daily living expenses because she was unemployed to obtain full-time employment for a long period of time (Transcript, pg. 153, lines 4-6, 8, 11-13, pg. 156, lines 8, 11-13, line 21, pg. 157, lines 14-17). Plaintiff stated that the identity of her relatives was confidential information but stated that she was unsure as to the specific aunt or uncle who provided the funds because she has a big family that consisted of numerous aunts and uncles (Transcript, pg 155, lines 17-20, pg. 157, lines 4-6). Plaintiff also testified that she did not have any receipts, cancelled checks, loan documentation to verify the borrowed funds (Transcript, pg. 157, lines 20-21, pg. 159, lines 1-5, pg. 155, lines 12-13).

Defendants argue that it entitled to the name of Plaintiff's relatives that loaned her funds to survive after Defendant terminated her employment because this information could determine whether her claim for damages is accurate. This argument is erroneous because Plaintiffs listed her element of damages in Defendant's interrogatory No. 8 and explained each item in Defendant's Second Request for Production of Documents in No. Plaintiffs borrow funds are not included in Plaintiffs calculation of damages. Also, the Plaintiffs borrow funds is not a part of the calculation of Defendants' financial lost. Thus, the identity of Plaintiffs' relatives will not assist Defendant in determining whether Plaintiff's claim for damages are accurate.

Prior to filing its Motion to Compel, Defendant failed to confer with Plaintiff or request the information and documentation that it is now requesting in this Motion. Therefore, Defendants Motion to Compel should be denied because Defendant failed to attempt in good faith to obtain the disclosure or discovery without court action.

**( C ) *Defendants Motion to Compel and Request for Sanctions should be denied because Plaintiff's response and objection to Defendants production of documents through subpoenas were justified.***

FRCP, Rule 37(5) provides that a Motion to Compel and for sanctions shall not be granted if the opposing party's nondisclosure, response or objection was substantially justified.

Defendants argue in its Motion that Plaintiff has made baseless objections that have needlessly protracted this litigation  Defendants used Section Md. Code  §4-306  to justify its subpoenas to obtain Plaintiff's entire medical records from all her healthcare providers and all Plaintiff's employment records from Kelly Services.  Defendant argues that Maryland Code, § 4-306(b) specifically authorizes a healthcare provider to disclose a medical record without a patient's authorization in response to a subpoena duces tecum so long as the patient has received prior notice , is made aware that she can file a for protective order within 30 days of receiving the notice of the subpoena duces tecum and objections, if any, have been resolved. Also, Defendant argues that Md. §4-306 does not apply solely to law enforcement officers.

Defendants interpretation of § 4-306 is erroneous because Md. Code §4-306 does not authorize Defendant to obtain Plaintiff's medical or employment records without her authorization or executed release   Section 4-302(a) of the Maryland Code provides that a health care provider shall (1) keep the medical record of a patient confidential, and (2) disclose the medical record only as provided by law.  Section 4-303 requires a health care provider to disclose a medical record on the authorization of a person in interest.

Section 4-306 requires a health care provider to disclose a medical record without authorization of a person in interest, in six enumerated circumstances, none of which applies to Defendant or its counsel. For example, Section 4-306(b)(1) provides that a health care provider can disclose medical records without authorization to a unit of State or local government, or to a member of a multidisciplinary team assisting the unit, for purposes of investigation or treatment in a case of suspected abuse or neglect of a child or an adult. Also, § 4-306(a)(3) requires the disclosure to a health care provider or the provider's insurer or legal counsel of all information in a medical record relating to a patient or recipient's health, health care or treatment which forms the basis for the issues of a claim in a civil action initiated by the patient, recipient or person in interest.

In this matter, Plaintiff's lawsuit is not against her health care providers. Defendant is not one of Plaintiff's health care providers, Defendant's counsel is not representing Plaintiff's health care providers, and Defendant nor its counsel are a unit of State or local government of a member of a multidisciplinary team assisting a unit of State or local government. Therefore, § 4-306 does did not authorize Defendant or its' counsel to use a subpoena to obtain Plaintiffs' medical records from her healthcare providers without her authority.

Also, Defendants argues that Plaintiff's objections are unwarranted and baseless because Plaintiff's counsel failed to file a motion for a protective order or motion to quash the subpoena. Plaintiff counsel did not prepare her motion to quash the subpoenas because Defendant was not permitted to subpoena Plaintiff's records under Md Code § 4-306, Defendant's counsel informed Plaintiff's counsel that it was unable to serve the subpoena on Dr. Loya because it did not have the correct address for Dr. Loya.. Defendant failed to provide or serve notice to Plaintiff of its subpoena on Kelly Services. Plaintiff received copies of the documents that Defendant

subpoenaed on late Friday evening on February 29, 2008. Defendant delivered documents from Dr. Loya, medical records at Riverside Primary Care, LLC, Prince Georges Hospital Center, The Metropolitan Washington Orthopaedic Association, and Kelley Services. All of the documents were produced to Defendant prior to the expiration of the thirty(30) days listed on the notice. For example, Defendant served the subpoenas on all Plaintiff's health providers and Kelly Services on January 22, 2008. However, Prince Georges Hospital Center submitted the documents to Defendant on February 4, 2008. Riverside Primary Care, LLC submitted medical files to Defendant on February 6, 2008 and Kelly Services faxed Plaintiff's employment records to Defendant on February 13, 2008.

Defendant violated the written notice requirements even if §4-306 was applicable to authorize Defendant to obtain Plaintiff's medical records without her consent. For example, §4-306(a)6(I) provides that prior to producing the documents, the party or the attorney seeking the medical records must provide written assurance to the Health Providers : (a) person in interest has not objected to the disclosure of the designated medical records and 30 days have elapsed since the notice was sent; or (b) the objections of a person in interest have been resolved and the request for disclosure is in accordance with the resolution. Defendant erroneously argues that it satisfied §4-306 (a)(6)(I) because it assured the Health Providers that Defendant demonstrated a good faith effort to ensure that Plaintiff received notice before her healthcare providers complied with the subpoenas duce tecum.

Defendant admits and argues that even though it knew that Plaintiff's counsel objected to the subpoenas because Plaintiff's counsel failed to move for a protective order or to quash in a timely fashion, it complied with §4-306(a)(6)(I) and thus, it lawfully requested and obtained the requested records from Plaintiffs' healthcare providers. However, it is crystal clear that

Defendants was not a party that could request Plaintiff's medical records under Md. Code §4-306., failed to provide a copy of §4-306, it failed to provide the written assurances pursuant to §4-306(a)(6)(I) to Plaintiffs' health care providers, misrepresented to Plaintiff that it was unable to serve its subpoena for Dr. Loya's medical records and failed to provide notice to Plaintiff that it subpoenaed Plaintiffs' employment records from Kelly services. Therefore, Defendant's Motion to Compel and request for sanctions should be denied because Plaintiffs' objections were substantially justified.

### III. CONCLUSION

It is not Plaintiff that has prolonged this litigation, it is Defendant. Plaintiff provided true and complete responses to all Defendants's discovery requests including interrogatories and depositions. Defendant subpoena for production of Plaintiff's medical records were not authorized under Md. Code § 4-306 or HIPPA. Defendant can not use a subpoena to obtain documents that it otherwise can not obtain without the proper consent or release. Also, Defendants subpoena to obtain Plaintiffs' entire medical files from her health providers unduly invaded Plaintiff's privacy. FRCP, Rule 45(a)(4)(c)(3)(B) provides that after being notified, a party must promptly return, sequester, or destroy privileged or protection information and any copies it has and must not use or disclose privileged or protected information produced until the claim is resolved..

Plaintiff listed on her response to Defendant's interrogatories, witnesses that had personal knowledge of Plaintiff's claims. This list included Plaintiff's spouse. Defendant has possessed Plaintiff's witness list since March 2006 but has failed to depose any of the witness. However, now Defendant wants this court to extend the discovery period in order to conduct depositions that they have had well over two (2) years to conduct. Also, Defendant could have deposed

Plaintiff during the month of February 2008.  However, on February 15, 2008, Defendant's counsel indicated that she would be unavailable from February 18th -February 22, 2008 and from February 27 through February 29, 2008.  Defendant has deposed Plaintiff on two occasions. On March 3, 2008, Defendant abruptly cancelled Plaintiff's depositions.  However, Plaintiffs presented truthful and complete answers to the best of her ability during her depositions. Defendants request to extend the discovery period is frivolous and is only being requested to harass, humiliate Plaintiff, cause Plaintiff to endure additional legal cost and to delay this matter.

Respectfully submitted,

/s/ L. Saundra White
L. Saundra White,
Federal Bar # MD012370
3540 Crain Highway, #107
Bowie, Md 20716
(301) 574-3547
(301) 574-3059(Fax No)
E-mail: WhiteLegalGrp@aol.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March , 2008, the foregoing Notice of Appearance was electronically filed via the United States District Court electronic filing system (CM/ECF system) to CCA's Attorney, Alison Davis, c/o Ford & Harrison, 1300 19th Street, N.W., Suite 700 Washington, D.C. 20036.

/s/ L. Saundra White
L. Saundra White, Esq