UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | § | |
|---|---|---|
| RENITA WALSTON-JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 06-616 (RCL) |
| | § | |
| CCA OF TENNESSEE, INC., | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION

Pending before this Court is Plaintiff Renita Walston-Jackson's Motion for Reconsideration [44] of this Court's May 29, 2009 Order [42] granting in part and denying in part Defendant CCA's motion for attorneys' fees and costs [31]. Upon consideration of the motion, the opposition, the reply thereto, and the entire record herein, the plaintiff's motion is hereby denied for the reasons set forth below.

Federal Rule of Civil Procedure 54(b) controls the Court's analysis of Ms. Jackson's motion to reconsider the May 29th Order, as that order did not adjudicate all the claims or liabilities of the parties to this action. Accordingly, any such interlocutory decision may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' right and liabilities." Fed. R. Civ. P. 54(b). In this Court, the standard for reconsideration is a flexible one, and such motions will be granted as justice requires. *See Cobell v. Norton*, 355 F. Supp. 2d. 531, 539 (D.D.C. 2005) (Lamberth, J.). Whether justice requires granting such a motion, rests on a determination, within the Court's discretion,

whether it is necessary given the relevant circumstances. *Id.* Some of those considerations are: (1) whether the court patently misunderstood one of the parties; (2) whether the court made a decision beyond the adversarial issues presented; (3) whether the court failed to consider a controlling decision or information; and (4) whether an intervening change in controlling law (or even a significant change) has occurred. *In Defense of Animals v. Nat'l Institutes of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008). Moreover, the movant must demonstrate that some harm will come to them from the denial of reconsideration. *Cobell*, 355 F. Supp. 2d at 540.

The plaintiff offers several theories as to why the Court's motion merits reconsideration. First, the plaintiff states that defendant failed to propound additional document requests regarding the materials that were the subject of its motion to compel. Secondly, the plaintiff claims that the defendant failed to depose her on the subjects in its motion to compel. Finally, the plaintiff claims that none of the material obtained through the defendant's motion to compel was used in the defendant's motion for summary judgment. Though none of these rationales mandate that justice requires reconsideration, the Court briefly addresses each argument.

As to her first argument regarding the defendant's alleged failure to propound additional document requests after the Court granted the motion to compel, the Court makes clear that the defendant was under no obligation to do so. Indeed the entire purpose of such a motion is to compel compliance with a prior

discovery request. Rather than it being the defendant's obligation to continue asking for what it had already once asked for and then obtained a court order for the plaintiff to produce, it was the plaintiff's affirmative obligation to produce these documents that she had unjustifiably withheld. In no way would the plaintiff's failure to produce what it was compelled to lead this Court to reconsider its earlier decision awarding fees. Indeed, plaintiff's failure to do so only reinforces the Court's earlier decision.

As to the topics in the plaintiff's third deposition, the Court notes that the defendant did depose the plaintiff regarding the areas in its motion to compel. As such, the plaintiff's argument is meritless.

The plaintiff's last argument is also beside the point: the Court would not have expected the defendant to use information regarding damages in a motion for summary judgment, as the point of a motion for summary judgment is to address liability. Furthermore, much information obtained through discovery might not be used in dispositive motions, even though it was legitimately discoverable. Counsel are free to make choices about what issues to focus on and present to the Court, in whatever way they might think best. And as there is always the chance that a defendant might not prevail on summary judgment, or even at trial, it seems prudent to obtain discovery on a broad range of relevant issues that a litigant hopes it might never need to employ. But there is no sure way to know at what stage one will prevail, if at all, at the outset. In short, the defendant's "failure" to use discoverable information that was the subject of its motion to compel in its motion

to summary judgment, in no way determines whether or not they were entitled to it in the first instance. And certainly follows that the plaintiff's argument has not convinced the court that reconsideration is warranted.

As none of the reasons presented by the plaintiff demonstrate that justice requires reconsideration of the Court's May 29th order, the plaintiff's motion for reconsideration shall be denied in a separate order issued today.

October 13, 2009

/s/ Royce C. Lamberth
ROYCE C. LAMBERTH
Chief Judge
United States District Court