UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RENITA WALSTON-JACKSON, §
    Plaintiff, §
 §
v. § Civil Action No. 06-616 (RCL)
 §
CCA OF TENNESSEE, INC., §
    Defendant. §

FILED

OCT 1 3 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Pending before this Court is Defendant CCA of Tennessee, Inc.'s ("CCA") Motion for Summary Judgment. Upon consideration of the motion, the opposition, the reply thereto, and the entire record herein, the defendant's motion is hereby granted for the reasons set forth below.

### I. Background

This much is undisputed: On September 15, 2004, Renita Jackson was terminated from her employment at CCA's Correctional Treatment Facility ("CTF") in Southeast Washington, D.C. Everything else, it seems, is not.

CCA claims that it terminated Jackson for insubordination after an argument with a supervisory employee on July 19, 2004, as well as other similar events during her approximately two-year tenure with the company. The plaintiff alleges that CCA discriminated against her by creating a hostile work environment, on the basis of her pregnancy in early 2003 and her suffering from a disability. In addition, she alleges that her discharge was in retaliation for her

complaining to management about "unethical conduct" she observed. On September 15, 2005, plaintiff filed suit in Superior Court pro se and brought claims against CCA for violation of the D.C. Human Rights Act ("DCHRA") and the D.C. Family and Medical Leave Act ("DCFMLA"). D.C. CODE §§ 2-1403.16(a), 32-510. Shortly after her complaint was filed, plaintiff retained counsel and the defendant removed the case to this Court.

## II. Legal Standard

Under Rule 56, a motion for summary judgment should be granted when the moving party demonstrates that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The movant bears the burden of demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A genuine issue of material fact exists if the evidence, viewed in the light most favorable to the nonmoving party, "is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, if the movant carries their burden, the nonmoving party must demonstrate that the issue of material fact is genuine, that is, that more than a metaphysical doubt exists to some material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. Analysis

### A. *Claims under the DCFMLA*

The DCFMLA provides that an employee may bring a private cause of action to enforce its provisions. D.C. CODE § 32-510(a). Any such claims must be brought within one year of the alleged violation's occurrence or discovery. *Id.* § 32-510(b). Ms. Jackson was fired from CCA on September 15, 2004, after having been suspended since July 19, 2004. By her own admission she had not asked to be placed on family or medical leave at any time after July 19, 2004. *See Deposition of Renita Walston-Jackson* at 371. As any DCFMLA claim the plaintiff could have raised would have had to have been brought within a year of the discovery or occurrence of the violation, and because the plaintiff filed her suit well after the one year period to file suit elapsed, her claims are barred as a matter of law and the defendant is entitled to summary judgment on those claims.

### B. *Claims under the DCHRA*

Jackson also brought claims under the provision of the DCHRA that allows for private causes of action. D.C. CODE § 2-1403.16(a). These claims come under two theories. First, plaintiff alleges that CCA created a hostile work environment by discriminating against her on the basis that she suffered from panic attacks and her pregnancy during early 2003. Secondly, plaintiff asserts that she was fired in retaliation for observing "unethical conduct" and reporting it to management. Before turning to her retaliatory discharge claims, the Court first addresses Ms. Jackson's hostile work environment claims.

3

As with her claims under the DCFMLA, CCA argues that the plaintiff's hostile work environment claims are barred by the DCHRA's statute of limitations. A claim for hostile work environment is recognized as a cause of action under the DCHRA. To prevail on such a claim one must prove: (1) that they are member of a protected class; (2) that they have been subjected to unwelcome harassment; (3) that the harassment was based on their membership in the protected class; and (4) that the harassment was so severe and pervasive that it affects a term, condition, or privilege of employment. *Nicola v. Wash. Times*, 947 A.2d 1164, 1173 (D.C. 2008) (quoting *Daka, Inc. v. Breiner*, 711 A.2d 86, 92 (D.C.1998)). Like all claims brought under the DCHRA, it must be brought within one year of the last discriminatory act or discovery of the discrimination. D.C. CODE § 2-1403.16(a).

The issue is then, whether the last discriminatory act that makes up this allegedly hostile work environment occurred on September 15, 2004 (a year to the day before the plaintiff filed suit) or sometime before then. If it is the former, Jackson's claims would not be barred, as she would be allowed to bring suit under the continuing violation theory. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).[1] That is, as long as one act contributing to the hostile work environment occurred within the limitations period, a court can still consider those acts outside it, as the nature of a hostile work environment claim is that it is a

---

[1] Although *Morgan* involved a federal claim under Title VII, D.C. Courts have looked to Title VII cases as precedent for their decisions under the DCHRA. *Lively v. Flexible Packing Ass'n*, 830 A.2d 874, 887–88 (D.C. 2003) (en banc). *Morgan*'s continuing violation theory is one such aspect of Title VII claims that has been explicitly applied to claims under the DCHRA. *Id.* at 891–92.

continuing violation. *Id.* at 117–118. If it is the latter, then no incident relating to the hostile work environment claim would have occurred within the limitations period and her claim would be barred. *See id.* at 117.

After the July 19th incident, the plaintiff was placed on administrative leave pending an investigation of the event. She has neither alleged, nor offered proof, of incidents, or other forms of harassment, occurring after July 19th. Her last contact as an employee of CCA was on September 15, 2004, when she and her union representative met with the facility's warden. She has not produced any evidence, nor has she alleged, that she was harassed in that meeting. In that interim period, her contact with CCA was limited at best,[2] and without evidence of harassment occurring on September 15, 2004 that contributed to a hostile work environment, the Court cannot say that at least one incident occurred within the limitations period. As such, the plaintiff's claims are barred as a matter of law by the statute of limitations.

Ms. Jackson has also alleged that her firing was retaliatory, based on her reporting of "unethical conduct" between a supervisor and another employee. To prevail on a claim for retaliatory discharge under the DCHRA, an employee must make out a prima facie case: (1) that they engaged in a protected activity by complaining or opposing employment practices that were unlawful under the

---

[2] This is not to say that an employee's absence from work ends the hostile work environment per se. Indeed, the D.C. Circuit has recognized that contact between an employer and an employee during that employee's absence can still contribute to a hostile work environment. *Greer v. Paulson*, 505 F.3d 1306, 1313–14 (D.C. Cir. 2007). To survive summary judgment one must still, however, offer proof that an incident occurred within the limitations period, even if it occurred while the employee was physically absent from work. *Id.*

DCHRA; (2) that adverse employment action was taken against them; (3) and that there was a causal connection between their protected activity and the adverse personnel action. *Vogel v. D.C. Office of Planning*, 944 A.2d 456, 463 (D.C. 2008). An employer may rebut the employee's prima facie case by proffering a legitimate non-discriminatory reason for the adverse employment action. *Id.* at 463 (citing *Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 361, 368 (D.C. 1993)). Once an employer has offered a legitimate reason for firing, the burden shifts back to the plaintiff, who must prove by a preponderance of the evidence that the stated reason was pretextual. *Id.* At the summary judgment stage, when an employer has proffered a legitimate non-discriminatory reason for the adverse employment action, the court's task is to determine whether or not the employee has offered sufficient evidence for a reasonable jury to find that the employer's stated rationale was pretextual. *See Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008).

CCA has proffered a legitimate non-discriminatory reason for the plaintiff's discharge: She was fired for being insubordinate during the July 19, 2004 confrontation and a series of past disciplinary infractions during her tenure with CCA. The plaintiff has not even attempted to offer evidence that CCA's proffered reason for her discharge is pretextual and thus create a genuine issue of material fact that would render summary judgment inappropriate. Accordingly, her claims for retaliatory discharge do not survive summary judgment and CCA is entitled to judgment as a matter of law.

## IV. Conclusion

As the plaintiff's claims for violations of the DCFMLA and for hostile work environment under the DCHRA are barred by the statute of limitations, the defendant is entitled to judgment as a matter of law, and its motion for summary judgment shall be granted by a separate order issued contemporaneously with this opinion. Furthermore, as the plaintiff has not offered any evidence that the legitimate, non-discriminatory reason proffered by CCA for her discharge was pretextual, her claim for retaliatory discharge also fails as a matter of law and the defendant's motion shall be granted by a separate order issued today.

A separate order shall issue this date.

October 13, 2009

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court